Thelma Lee CAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 042 CR.

Court of Appeals of Texas,
Beaumont.

Feb. 20, 1985.

Petition for Discretionary Review
March 27, 1985.

Richard J. Clarkson, Beaumont, for appellant.

Patrick O. Hardy, Asst. Dist. Atty., Kountze, for appellee.

OPINION

DIES, Chief Justice.

In our original unpublished opinion, *Thelma Lee Cain v. The State of Texas* (Cause No. 09–83–042 CR, delivered March 12, 1984), this Court reversed appellant's conviction and ordered a judgment of acquittal on grounds of violation of the Speedy Trial Act. The Court of Criminal Appeals reversed this judgment and remanded this cause to this Court for consideration of appellant's other grounds of error. *Cain v. State* (Tex.Crim.App. No. 380–84—December 19, 1984).

Appellant was charged with the misdemeanor offense of telephone harassment in four informations. The cases were tried together before a jury. The jury found appellant guilty of all four offenses, and assessed punishment in each at five days confinement and one thousand dollars fine.

We shall first address appellant's complaint of fundamental error in the court's charge.

The information in each of the four cases alleged the offense occurred on or about January 13, 1982. The statute in effect on such date, *TEX. PENAL CODE ANN. § 42.07* (Vernon 1974), provided:

§ 42.07. Harassment

(a) A person commits an offense if he intentionally:

(1) communicates by telephone or in writing in vulgar, profane, obscene, or

indecent language or in a coarse and offensive manner and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient;

(2) threatens, by telephone or in writing, to take unlawful action against any person and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient; or

(3) places one or more telephone calls anonymously, at an unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient.

. . . .

The information in Cause No. 82–23 alleges the appellant:

[U]nlawfully, intentionally and knowingly place one or more than one telephone call to Jerry Tolar at an unreasonable hour without the legitimate purpose of communication and by this action intentionally and knowingly annoyed and alarmed Jerry Tolar, the recipient of said calls.

The charge of the court, in Cause No. 82–23, in pertinent parts, charges the jury as follows:

The Defendant, THELMA LEE CAIN, stands charged by information with the offense of Harassment of Jerry Tolar by communicating by telephone in a vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and by this action intentionally or knowingly annoys or alarms the recipient or intends to annoy or alarm the recipient....

### I.

Our law provides that a person commits an offense by communicating by telephone in a vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and by this action intentionally or knowingly annoys or

alarms Jerry Tolar or intends to annoy or alarm Jerry Tolar.

In the application part of the charge, the court charges:

Now if you find from the evidence beyond a reasonable doubt that on or about the 13th day of January, 1982 in Tyler County, Texas, the defendant, THELMA LEE CAIN, did intentionally or knowingly communicate as in paragraph I to Jerry Tolar, then you will find the defendant guilty.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

The information and court's charge in Cause No. 82–24 and Cause No. 82–25 were identical to those in Cause No. 82–23, as quoted above, with the exception of the names of the charging parties.

The information in Cause No. 82–110 charged appellant with "cursed and threatened to kill Archie Grammer...."

The informations in Cause Nos. 82–23, 82–24 and 82–25 alleged an offense as set out in § 42.07(a)(3) and in Cause No. 82–110 the information charged the offense as set out in § 42.07(a)(2). The court's charge, in each case, charged the offense as set out in § 42.07(a)(1).

It is clear that the court charged the jury on the offense as the same is stated in § 42.07(a)(1), while the information charged the commission of the offense in the language of (a)(2) and (a)(3). The charge related to an entirely different manner of committing the offense as was charged in the informations. Fundamental error occurs when the charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979). This ground is sustained.

Appellant also contends the court erred in refusing to grant her motion for instructed verdict in Cause No. 82–23. Upon a review of the scanty testimony given by the complainant, Jerry Tolar, we

agree that such evidence does not prove a case of harassment under the provisions of § 42.07(a)(2). This ground is sustained.

The judgments rendered against appellant in Cause Nos. 82–24, 82–25 and 82–110 are reversed and remanded and the judgment in Cause No. 82–23 is reversed and a judgment of acquittal in said cause be entered.