**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Chester Ray STACY, Appellee.**

No. 04–96–00619–CV.

Court of Appeals of Texas,
San Antonio.

July 23, 1997.

Rehearing Overruled Sept. 11, 1997.

John C. West, Jr., Shannon M. Fitzpatrick, Andres Cedillos, Janette Lorie Ansolabehere, Texas Department of Public Safety–Legal Services, San Antonio, James W. Smith, Jr., Frio County Attorney, Pearsall, for Appellant.

John W. Bull, Pearsall, for Appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

The appellant, Texas Department of Public Safety (the Department), appeals the trial court's judgment reversing the driver's license suspension of the appellee, Chester Ray Stacy. The Department contends the trial court erred by reversing an administrative decision that was supported by substantial evidence. In a motion to dismiss, Stacy maintains this appeal was mooted by the dismissal of his related criminal charge. We deny Stacy's motion to dismiss, reverse the trial court's judgment, and render judgment upholding the administrative order suspending Stacy's driver's license.

### Background

On December 3, 1995, a police officer arrived at the scene of a three-car accident and saw Stacy standing next to the driver's door of a damaged pickup truck. Stacy told the officer that he hit a car stopped in the middle of the road; Stacy's passenger denied seeing the collision because her eyes were closed. The officer noted that Stacy smelled of alcohol, was unsteady, and had bloodshot eyes. When Stacy failed the field sobriety tests, the officer arrested him for driving while intoxicated (DWI). At the police station, Stacy provided breath samples with alcohol concentrations of 0.181 and 0.162.

Stacy's driver's license was automatically suspended for sixty days because his breath alcohol level exceeded the statutory limit of 0.10. *See* TEX. TRANSP. CODE ANN. § 524.012(b) (Vernon 1997). Stacy requested a hearing before an administrative judge and testified that he was actually a passenger in his company truck when the accident occurred. The administrative law judge sustained the suspension. *See id.* § 524.035. Stacy appealed to the county court, *see id.* § 524.041, which reversed the decision of the administrative judge. The Department then appealed to this court. While this appeal was pending, Stacy's criminal charge was dismissed at the county attorney's request for "[i]nsufficient evidence to prove guilt beyond a reasonable doubt."

### Mootness

Stacy asserts this appeal is moot because his DWI charge was dismissed based on insufficient evidence, specifically the lack of "statements from witnesses which can place the defendant as the driver of the motor vehicle."[1] He argues that the dismissal should be treated as an acquittal for purposes of the Transportation Code, which provides that "[a] suspension may not be imposed ... on a person who is acquitted of a criminal charge ... arising from the occurrence that was the basis for the suspension." TEX. TRANSP. CODE ANN. § 524.015(b) (Vernon 1997); *contra id.* § 524.015(a) (dispositions other than acquittals do not affect a driver's license suspension).

■ The dismissal or abandonment of a criminal accusation is tantamount to an acquittal only after jeopardy attaches. *Lewis v. State,* 889 S.W.2d 403, 406 (Tex.App.—Austin 1994, pet. ref'd); 37 TEX. ADMIN.

---

1. We denied an unrelated motion to dismiss in *Texas Dep't of Public Safety v. Stacy,* 933 S.W.2d 746 (Tex.App.—San Antonio 1996, interlocutory order).

CODE § 17.13(c) (West 1996) (Texas Dep't of Public Safety, Administrative License Revocation). Jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument. *State v. Torres*, 805 S.W.2d 418, 421 (Tex.Crim.App. 1991). In Stacy's criminal case, the charge was dismissed before a jury was chosen.. *See Lewis*, 889 S.W.2d at 407. The prosecutor dismissed the charge because there was insufficient evidence to prove DWI beyond a reasonable doubt, not because there was insufficient evidence to prove the elements of the administrative hearing beyond a preponderance of the evidence. *See* TEX. TRANSP. CODE ANN. § 524.035 (Vernon 1997) (discussing issues of the administrative hearing). We decline to treat the dismissal as an acquittal and accordingly deny Stacy's motion to dismiss this appeal.

### Standard and Scope of Review

■ The Department contends this case should be reviewed by the substantial evidence rule. *See, e.g., Texas Dep't of Public Safety v. Raffaelli*, 905 S.W.2d 773, 776 (Tex. App.—Texarkana 1995, no writ). Stacy counters that the trial court's decision was an error of law that should be reviewed by the abuse of authority standard. *See, e.g., Sonic Drive-In of Raymondville, Texas, Inc. v. Hernandez*, 797 S.W.2d 254, 255–56 (Tex. App.—Corpus Christi 1990, writ denied). We disagree with Stacy's contention because he incorrectly assumes the administrative decision was based on statutory interpretation. During the administrative hearing, the parties discussed the difference between "operating" a motor vehicle for purposes of DWI and "actual physical control" of a motor vehicle for purposes of driver's license revocation. *Compare* TEX. PENAL CODE ANN. § 49.04(a) (Vernon 1994), *with* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3518 (enacting TEX.REV.CIV. STAT. ANN. art. 6687b–1, § 7(b)). The applicable statute, however, does not make this distinction. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24, 27, 1995 Tex. Gen. Laws 1025, 1870–71 (repealing article

6687b–1 effective Sept. 1, 1995); TEX. TRANSP. CODE ANN. § 524.035 (Vernon 1997) (requiring "operat[ion]" of a motor vehicle). Thus, the administrative decision does not involve a question of law but one of fact.

■ Under the substantial evidence rule, the reviewing court determines whether the agency's findings are supported by substantial evidence or whether the order is invalid for some other reason. *Texas Dep't of Public Safety v. Lavender*, 935 S.W.2d 925, 929 (Tex.App.—Waco 1996, writ filed.); TEX. GOV'T CODE ANN. § 2001.174 (Vernon Supp. 1997). Unless procedural irregularities are alleged to have occurred before the agency, the reviewing court may not receive evidence and must base its decision on the administrative record. TEX. GOV'T CODE ANN. § 2001.175(c), (e) (Vernon Supp.1997); TEX. TRANSP. CODE ANN. § 524.043(a) (Vernon 1997). Thus, the agency record must be properly before both the trial court and this court when either judicial body applies the substantial evidence rule. *See Lavender*, 935 S.W.2d at 929–30 & n. 13.

■ In the trial court, the party seeking judicial review—Stacy—must offer the agency record into evidence as an exhibit. TEX. GOV'T CODE ANN. § 2001.175(d) (Vernon 1997). In the court of appeals, however, the appellant—DPS—bears the burden of providing a record showing reversible error. TEX.R.APP. P. 50(d), 53(k). While DPS filed a transcript from the trial court, it did not file a statement of facts to indicate whether Stacy offered the administrative record into evidence.[2] We nonetheless conclude that we may address DPS's substantial evidence complaint because we may review the administrative record that appears as part of the appellate transcript.

In *Nueces Canyon Consolidated Independent School District v. Central Education Agency*, 917 S.W.2d 773, 776 (Tex.1996), the Supreme Court held "that an appellant may bring an administrative record in an appeal governed by the Administrative Procedure Act to an appellate court as part of the

---

2. At oral argument, the Department waived its point of error that the trial court erred in failing

to admit the administrative record.

statement of facts *or* transcript so long as a court reporter's certificate *or other evidence* demonstrates that the trial court admitted the record." (Emphasis added). Here, the trial court's judgment recites that it reviewed the administrative record, and the parties agreed at oral argument that the trial court did so without objection. Thus, the parties treated the administrative record as if it had been admitted into evidence. Under these circumstances, when there is no confusion about the record before the trial court, we may review the administrative record that appears in our transcript. *See Texas Dep't of Public Safety v. Latimer,* 939 S.W.2d 240, 243–44 (Tex.App.—Austin 1997, no writ) (collecting cases where evidence was effectively admitted); *Raffaelli,* 905 S.W.2d at 776 (presuming the trial court admitted the record); TEX. GOV'T CODE ANN. § 2001.175(e) (Vernon Supp.1997) (limiting trial court's review to the administrative record).

 In reviewing the agency record, we note that the substantial evidence rule requires us to examine the reasonableness of the administrative order, not its correctness. *Raffaelli,* 905 S.W.2d at 775. The findings and conclusions of the agency are presumed valid, and the contestant must prove otherwise. *Id.* If there is evidence to support either affirmative or negative findings on a specific matter, the administrative decision must be upheld. *Id.* at 776; *see also* TEX. GOV'T CODE ANN. § 2001.174 (Vernon Supp. 1997).

### Discussion

The issues at the administrative hearing were (1) whether Stacy had an alcohol concentration of 0.10 or more while operating a motor vehicle in a public place; and (2) whether the police had probable cause to arrest him. *See* TEX. TRANSP. CODE ANN. § 524.035(a) (Vernon 1997). Although Stacy testified at the administrative hearing that he was not driving his truck at the time of the accident, he previously told the arresting officer that he had been driving at the time of the accident. Additionally, the officer found Stacy standing next to the driver's door of his truck while the passenger denied seeing the accident. Stacy failed the field sobriety

tests, and his breath alcohol content measured 0.181 and 0.162. We hold there was substantial evidence supporting the administrative order suspending Stacy's driver's license; accordingly, the trial court erred in reversing that order.

### Conclusion

We overrule Stacy's motion to dismiss based on mootness. We sustain the Department's point of error, reverse the trial court's judgment, and render judgment upholding the administrative decision suspending Stacy's driver's license.