**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Michael Wayne NORRELL, Appellee.**

No. 13–96–254–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 26, 1998.

John C. West, Jr., Austin, Donald C. Cook, Corpus Christi, Andres Cedillos, San Antonio, Shannon McCall Fitspatrick, Asst. Attorney General, Austin, David H. Aken, Jr., County Attorney, Sinton, for Appellant.

Robert L. Joseph, Joseph & Whatley, Sinton, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellee Michael Norrell's driver's licence was suspended by an administrative law judge pursuant to the Administrative License Revocation (ALR) program. *See* TEX. TRANSP. CODE ANN. chs. 524, 724 (Vernon Pamph.1998). On review by the San Patricio County Court at Law, the administrative judge's findings were overruled and Norrell's suspension was rescinded. In two points of error, the Texas Department of Public Safety ("TDPS") appeals the county court's ruling. We reverse and render judgment upholding the administrative order suspending Norrell's license.

FACTUAL BACKGROUND

Norrell was driving home from a dinner party when he was stopped by a Sinton, Texas police officer for "operat[ing] a vehicle

which failed to dim headlights when required." According to the affidavit of the officer, Norrell exhibited slurred speech and a strong odor of alcohol. The officer administered a number of field sobriety tests, all of which Norrell failed. Norrell then refused to take a requested breath test. Accordingly, pursuant to the Texas Transportation Code, Norrell's driver's licence was automatically suspended for ninety days. TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamph.1998).

On review by an administrative law judge,[1] it became the burden of the TDPS to show, by a preponderance of the evidence, that (1) reasonable suspicion or probable cause existed to stop or arrest Norrell, (2) probable cause existed to believe that Norrell was operating a motor vehicle in a public place while intoxicated, (3) Norrell was placed under arrest by the officer and was requested to submit to the taking of a specimen, and (4) Norrell refused to submit to the taking of a specimen. TEX. TRANSP. CODE ANN. § 724.042 (Vernon Pamph.1998); *Texas Dep't of Pub. Safety v. Latimer*, 939 S.W.2d 240, 242 (Tex.App.—Austin 1997, no writ). The administrative law judge, finding that the TDPS had met its burden, affirmed the suspension of Norrell's driver's license.

Norrell then appealed the decision of the administrative law judge to the San Patricio County Court at Law. *See* TEX. TRANSP. CODE ANN. § 524.041 (Vernon Pamph.1998). Norrell presented evidence to the county court that the county in which Norrell had been arrested for driving while intoxicated ("DWI") did not file DWI charges against Norrell.[2] This Norrell argued, was tantamount to an acquittal and thus, warranted a recission of his license suspension pursuant to the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.048(c) (Vernon Pamph. 1998) ("If a criminal charge arising from the same arrest as a suspension under this chapter results in an acquittal, the suspension under this chapter may not be im-

posed."). The county court agreed and overruled the administrative judge's findings and dismissed the license suspension. The TDPS appeals.

### DISCUSSION

In its first point of error, the TDPS argues that the county court at law erred in rendering an order rescinding Norrell's suspension because the administrative record had not been admitted into evidence. We disagree.

The Texas Government Code provides, in relevant part:

> The party seeking judicial review shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit.

TEX. GOV'T CODE ANN. § 2001.175(d) (Vernon Pamph.1998). This provision must be complied with in order to obtain judicial review brought under the Administrative Procedure Act. *Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency*, 917 S.W.2d 773, 776 (Tex.1996).

We, however, agree with our sister court's conclusion that where (1) the statement of facts clearly shows that the county court considered the administrative record, (2) both parties treat the record as if it had been admitted, and (3) where the TDPS did not object to the court's consideration of the administrative record on the basis that it was not in evidence, the administrative record has been effectively admitted into evidence. *Latimer*, 939 S.W.2d at 242–44 (collecting cases where evidence was effectively admitted). *See also Texas Dep't of Pub. Safety v. Stacy*, 954 S.W.2d 80, 83 (Tex.App.—San Antonio, 1997, n.w.h.); *Texas Dep't of Pub. Safety v. Raffaelli*, 905 S.W.2d 773, 776 (Tex. App.—Texarkana 1995, no writ). The record in the instant case shows that (1) the administrative record was before the San Patricio County Court, (2) both Norrell and the TDPS referred to the administrative record, and (3) the TDPS never objected on the basis

---

1. A person challenging the automatic suspension of his driver's license is entitled to a hearing before an administrative law judge of the State Office of Administrative Hearings. TEX. TRANSP. CODE ANN. § 724.041 (Vernon Pamph.1998).

2. The prosecutor placed a "DNF" [do not file] notation on the Bond Returnable List dated January 19, 1996. The TDPS does not dispute the fact that criminal DWI charges were not filed against Norrell based on the facts underlying this appeal.

that the administrative record was not in evidence. Therefore, in accordance with *Latimer*, we hold that the record was effectively admitted into evidence, and we overrule the TDPS's first point of error.

In its second point of error, the TDPS argues that the county court erred as a matter of law in finding the county prosecutor's decision not to prosecute tantamount to an acquittal. We agree.

At issue here is the applicability of section 724.048(c) of the Texas Transportation Code. As quoted above, this section provides:

> If a criminal charge arising from the same arrest as a suspension under this chapter results in an acquittal, the suspension under this chapter may not be imposed. If a suspension under this chapter has already been imposed, the department shall rescind the suspension and remove references to the suspension from the computerized driving record of the individual.

TEX. TRANSP. CODE ANN. § 724.048(c) (Vernon Pamph.1998). Norrell argued, and the trial court found, that for purposes of § 724.048(c), a decision by the prosecutor to not prosecute the underlying DWI offense is equivalent to an acquittal. Accordingly, the county court reversed the decision of the administrative law judge and rescinded Norrell's license suspension. We disagree with the county court's disposition.

The Supreme Court has defined acquittal as "the ruling of a judge, whatever its label, [which] actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *Hackleman v. State*, 919 S.W.2d 440, 454 (Tex.App.—Austin 1996, pet. ref'd, untimely filed) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)). The Texas Court of Criminal Appeals has defined acquittal as an "official factfinding" "that the accused is not guilty of the criminal offense with which he is charged." *Ex parte George*, 913 S.W.2d 523, 527 (Tex.Crim.App.1995). The TDPS, in accordance with a legislative

directive to adopt rules in the administration of the ALR provisions, *see* TEX. TRANSP. CODE ANN. §§ 524.002, 724.003 (Vernon Pamph.1998), has defined an acquittal as "[a] legal judgment or certification of 'not guilty' of a person charged with a crime, including a judgment following a directed verdict." 37 TEX. ADMIN. CODE § 17.2 (1998).

█ Under none of the above definitions would a prosecutor's decision to refrain from filing charges against a defendant constitute an acquittal. Certainly, such a decision on the part of the prosecutor cannot constitute a factfinding or a certification that the accused is not guilty. Quite simply, a defendant cannot be acquitted of an offense unless and until he is charged and jeopardy has attached. *Stacy*, 954 S.W.2d at 81 ("The dismissal or abandonment of a criminal accusation is tantamount to an acquittal *only after* jeopardy attaches.") (emphasis added).

In *Stacy*, a case almost directly on point, the San Antonio Court of Appeals held that a prosecutor's decision to dismiss a charge due to insufficient evidence was not tantamount to an acquittal under section 524.015 of the Texas Transportation Code.[3] Under section 524.015, a provision containing language similar to that of section 724.048(c), an administrative suspension of a person's driver's license for failure to pass a test for intoxication "may not be imposed ... on a person who is acquitted of a criminal charge ... arising from the occurrence that was the basis for the suspension." TEX. TRANSP. CODE ANN. § 524.015(b) (Vernon Pamph. 1998). In reaching its holding, the court pointed out that "[t]he prosecutor dismissed the charge because there was insufficient evidence to prove DWI beyond a reasonable doubt, *not because there was insufficient evidence to prove the elements of the administrative hearing beyond a preponderance of the evidence.*" *Stacy*, 954 S.W.2d at 82 (emphasis added).

█ We are persuaded by the reasoning underlying the *Stacy* Court's opinion. There

---

**3.** We note that the defendant in *Stacy* was charged with the underlying criminal offense prior to the prosecutor's decision to dismiss whereas the prosecutor in the case at hand declined to file formal charges in the first place. We, however, find this to be a distinction without a difference.

are many reasons for which a prosecutor may decline from filing charges against a particular defendant at a particular time. None of these reasons, however, prevent a prosecutor from timely filing criminal charges in the future, nor do they affect the TDPS's ability to prove the elements of the administrative hearing by a preponderance of the evidence.

Accordingly, for the reasons stated above, we decline to treat the prosecutor's decision not to file charges against Norrell as an acquittal. Therefore, we sustain the TDPS's second point of error, reverse the order of the San Patricio County Court at Law, and affirm the administrative law judge's order suspending Norrell's driver's license for ninety days.