**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Frank Melbourne STOCKTON, Appellee.**

No. 04–00–00479–CV.

Court of Appeals of Texas, San Antonio.

June 13, 2001.

J. Frank Davis, Texas Dept. of Pub. Safety, Expunction Atty., Crime Records Service, Austin, for Appellant.

Anthony B. Cantrell, Law Office of Anthony B. Cantrell, Suzanne M. Kramer, San Antonio, for Appellee.

Sitting HARDBERGER, Chief Justice, STONE, and GREEN, Justices.

## OPINION

STONE, Justice.

In this appeal we are asked to determine whether a dismissal of a DWI proceeding after a favorable ruling on a speedy trial motion is an "acquittal," thus entitling the defendant to expunction of records concerning the DWI charge and a related license revocation. We answer this question in the negative, and hold that expunction is not permitted in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Frank Stockton was arrested for DWI and appeared in court with his attorney, ready for trial on six different occasions. The State was allowed to reset the cause twice, and the remaining three times the State announced it was not ready. On the third trial date, the trial court granted a motion for speedy trial in Stockton's favor. Stockton thereafter requested that all references to the DWI arrest and charge, including the earlier suspension of his driver's license for refusal to submit to a breathalyzer test, be expunged from the records of the Texas Department of Public Safety. The State did not oppose the expunction of the underlying DWI charge, but did raise its opposition to the expunction of other records, including the suspension of Stockton's license, from DPS's records. DPS did not participate in the original expunction hearing. Stockton's request for expunction of all records was granted.

■ DPS filed a motion for new trial, claiming it had not received notice of the expunction trial, and opposing the expunction of Stockton's driver's license suspension. DPS was subsequently granted a hearing on its motion for new trial. The motion for new trial was initially denied, but later granted. At the new trial, DPS argued against the expunction of Stockton's administrative license revocation from DPS records. DPS asserted that Stockton's dismissal pursuant to his speedy trial motion did not equate to an acquittal. The trial court rejected DPS's arguments and entered a final order of expunction. DPS now appeals the expunction order.[1]

## STANDARD OF REVIEW

■ Both parties agree about the sequence of events and that the DWI proceeding was dismissed pursuant to Stockton's motion for speedy trial. The only question is a legal question. Therefore, we review this legal issue *de novo*. *See Spiller v. Spiller*, 901 S.W.2d 553, 556 (Tex.App.—San Antonio 1995, writ denied) (stating that "[a] trial court's conclusions of law are always reviewable"). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence; they will not be reversed unless they are erroneous as a matter of law. *See id.*

## Discussion

The Code of Criminal Procedure provides that records relating to the suspension of a driver's license may not be expunged except as provided in Sections 524.015 or 724.048 of the Transportation Code. *See* TEX. CODE CRIM. PROC. ANN. art. 55.06 (Vernon Supp.2000). Both sections of the Transportation Code state that DPS shall remove any reference to a driver's license suspension in the event of an acquittal of a criminal charge upon which the suspension was based. *See* TEX. TRANSP. CODE ANN. §§ 524.015(b) & 724.048(c) (Vernon 1999). The question for this court to decide is whether the granting of a motion for speedy trial, resulting in a dismissal of the criminal case, is equivalent to an acquittal for purposes of expunction of a driver's license suspension from the records of the Texas Department of Public Safety.

---

1. Stockton claims the instant proceeding is a restricted appeal under TEX.R.APP. P. 26.1(c) because DPS did not participate in the original expunction hearing. DPS did, however, file a timely motion for new trial, successfully obtain a new trial, and fully participate in the new trial. Accordingly, this is a traditional appeal rather than a restricted appeal, and error need not be apparent from the face of the record.

■ This court has ruled that the dismissal of a criminal case is equivalent to an acquittal only after jeopardy attaches. *See Texas Dep't of Pub. Safety v. Stacy*, 954 S.W.2d 80, 81–82 (Tex.App.—San Antonio 1997, no writ) (ruling that it is only after jeopardy attaches that a dismissal can be tantamount to an acquittal and finding a dismissal for insufficient evidence did not function as an acquittal for purposes of precluding suspension of a driver's license for DWI); 37 TEX. ADMIN. CODE § 17.13(c) (1999) (Texas Dep't of Public Safety, Administrative License Revocation). Jeopardy attaches only after all parties have announced ready and the defendant has pled to the charging instrument. *See Stacy*, 954 S.W.2d at 82 (citing *State v. Torres*, 805 S.W.2d 418, 421 (Tex.Crim.App.1991)). *Stacy* also dealt with a driver's license suspension for DWI. This court upheld the license suspension even though the prosecutor had dismissed the criminal charge because there was insufficient evidence. *See Stacy*, 954 S.W.2d at 82. This court declined to treat the dismissal as an acquittal. *See id.*

■ In cases involving the issue of speedy trial, some courts have seemingly termed this type of dismissal as an acquittal,[2] while some have not.[3] None specifically state it is or is not. However, the Texas Administrative Code explicitly states that "any discharge or dismissal brought about by a failure to bring a cause of action to speedy trial within the time required by the state or federal constitutions . . . shall not be regarded as an acquittal" for purposes of removing "refer-

ences to the suspension from the defendant's computerized driving record." 37 TEX. ADMIN.CODE § 17.13 (1999) (Texas Dep't of Public Safety, Administrative License Revocation). This is a clear disposition of the issue at hand.

Stockton contends that jeopardy attached because the State did not appeal the speedy trial dismissal and the State could not refile these charges against Stockton. However, the State could have refiled the charges. *See United States v. Scott*, 437 U.S. 82, 101, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (ruling that the prosecution may if it wishes, reinstate the proceedings after the granting of a motion for speedy trial, but must ordinarily seek reversal of the trial court's decision); *Easley v. State*, 986 S.W.2d 264, 270 (Tex.App.— San Antonio 1998, no pet.) (ruling that the State would be free to refile charges once the trial court dismissed the case pursuant to a speedy trial motion). A judgment of the trial court granting a motion for speedy trial does not create a situation where jeopardy has attached just because the State elects not to appeal. The requirements of all parties announcing ready and the defendant pleading to the charging instrument, have not occurred. *See Stacy*, 954 S.W.2d at 81.

■ Stockton additionally argues that under the doctrine of virtual representation, DPS is bound by the agreement of the district attorney to expunge all records relating to the underlying DWI charge. However, the State was not in agreement and did oppose the expunction of the li-

---

**2.** *See Johnson v. State*, 954 S.W.2d 770, 771 (Tex.Crim.App.1997) (stating that the appellate court ordered an acquittal pursuant to a granted motion for speedy trial); *Cain v. State*, 691 S.W.2d 7, 7 (Tex.App.—Beaumont 1985, writ ref'd) (reentering a judgment of acquittal after addressing other grounds of error as ordered by the Texas Court of Crimi-

nal Appeals following a judgment of acquittal on the basis of a violation of the Speedy Trial Act).

**3.** *See Johnson v. State*, 901 S.W.2d 525, 531 (Tex.App.—El Paso 1995, writ ref'd) (discussing pre-trial dismissal through a speedy trial claim versus the value of an acquittal at trial).

cense suspension from DPS's records. Further, this court in *State v. Anderson,* 974 S.W.2d 193, 195 (Tex.App.—San Antonio 1998, no pet.), determined that the district attorney and DPS are not the same parties for collateral estoppel purposes. For the doctrine of virtual representation to apply, it is not sufficient that DPS was interested in or affected by the matter litigated; rather, DPS's interests would have to be identical to those of the State. *See Stroud v. Stroud,* 733 S.W.2d 619, 621 (Tex.App.—Dallas 1987, no writ). DPS and the district attorney are not the same party and their interests are not identical. Therefore, the doctrine of virtual representation does not apply.

Stockton argues that because the State failed to raise the arguments against expunction, DPS has waived the error. It is clear from the record that the State did raise arguments against expunction of all records. Even if it had not, the doctrine of virtual representation is not applicable. In addition, DPS raised this issue at the new trial granted by the trial court based on DPS's motion for new trial.

The law requires us to sustain DPS's first issue and reverse the judgment of the trial court and render a judgment reinstating the record of Stockton's license suspension in DPS's records. We recognize that it was the State's failure to timely prepare the case and proceed to trial that caused delay in this case. Faced with this delay and with the unpleasant task of appearing in court six times, Stockton apparently decided to seek a speedy trial dismissal rather than continue waiting for a trial date when he could profess his innocence. Yet under Texas law, a speedy trial dismissal is not an acquittal, and Stockton is thus not entitled to expunction. Delays indeed "have dangerous ends." WILLIAM SHAKESPEARE, THE FIRST PART OF KING HENRY THE SIXTH, act 3, sc. 2. The State would be well-advised to avoid such dangerous ends by proceeding with its cases in a timely fashion that gives due regard to the very real and practical considerations of the individuals accused of crimes.

Because we sustain DPS's first issue it is unnecessary to address the merits of issue number two. The trial court's judgment is reversed and judgment is rendered reinstating the record of Stockton's driver's license suspension in the records of the Texas Department of Public Safety.