11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Texas Department of Public
Safety

Appellant

Vs.                   No. 
11-02-00367-CV C
Appeal from Mitchell County

Joseph Daniel Scott

Appellee

 

This
appeal arises from an attempt by Joseph Daniel Scott to expunge all records and
files associated with his arrest for driving while intoxicated.  Appellee was charged on May 3, 2002, with
the offense of driving while intoxicated (DWI).   The prosecutor subsequently filed a motion to dismiss the
criminal charge on the express ground of A[n]o probable cause for stop.@ Appellee relies on this dismissal as his basis for seeking
expunction.   The trial court granted
appellee=s expunction request in its entirety. 

The record
reflects that appellee incurred an administrative suspension of his driver=s license in connection with the DWI arrest.[1]  The written order entered by the trial court
requires the  expunction of all records
pertaining to the suspension.  In a
single issue, the Texas Department of Public Safety (Department) appeals the
trial court=s order of expunction insofar as it expunges
records relating to the suspension of appellee=s driver=s license.  
We agree with the Department=s contention that the trial court erred in expunging records relating
to the suspension of appellee=s driver=s license.








TEX. CODE.
CRIM. PRO. ANN. ch. 55 (Vernon Pamph. Supp. 2003) governs expunction.  The right to expunction is not based in
common law; rather, it is a statutory privilege granted by the
legislature.  State v. Herron, 53
S.W.3d 843, 846 (Tex.App. B Fort Worth 2001, no pet=n).  An individual is entitled
to an expunction only when each of the statutory requirements have been
met.  Quertermous v. State, 52
S.W.3d 862, 863 (Tex.App. B  Fort Worth 2001, no pet=n). 
An expunction proceeding is civil in nature.  State v. Herron, supra at 846-47.  The plaintiff seeking expunction bears the
burden of proving compliance with the statute. 
State v. Herron, supra at 846-47.   

Article
55.06 provides that records relating to the suspension of a driver=s license may not be expunged except as
provided in Sections 524.015 or 724.048 of the Texas Transportation Code.  Both of these sections provide that  the disposition of a criminal charge does
not affect an administrative driver=s license suspension unless the person is acquitted of the charge.  See Sections 524.015 &
724.048.     If the criminal charge
results in an acquittal, the Department is required to rescind the suspension
and remove all references to the suspension from the individual=s driving record.   Accordingly, the resolution of this appeal hinges on a
determination as to whether or not the dismissal of the criminal charge against
appellee on the ground of A[n]o probable cause for stop@  constituted an acquittal.  

The trial
court addressed the acquittal issue in ruling on appellee=s expunction request.  At the initial hearing on appellee=s expunction request, the trial court stated
on the record that the motion to dismiss constituted the judicial equivalent of
an acquittal.[2]  The trial court=s written expunction order states as follows:


The Court hereby finds that there was no
probable cause for this charge and it has been dismissed for that reason.  The Court further finds that jeopardy has
attached to the alleged stop and charge. 
The finding of the lower court constitutes an acquittal and therefore
this petition should be granted.[3]

 








The Department challenges
these determinations made by the trial court regarding the dismissal.  We note in this regard that the underlying
facts are not in dispute.   Both parties
acknowledge that the criminal charge filed against appellee was dismissed based
on the prosecutor=s
belief that the arresting officer did not have probable cause to stop
appellee.  The controversy at issue
focuses on an interpretation of the legal effect of the dismissal under the
provisions of the Texas Transportation Code. 
Since the only question at issue is a legal question, we review de novo
the trial court=s resolution of the question.  See Texas Department of Public
Safety v. Stockton, 53 S.W.3d 421, 423 (Tex.App. B San Antonio 2001, pet=n den=d) 

The
Department bases its challenge on several recent cases which have examined the
effect of a dismissal of criminal charges on a related driver=s license suspension.  Texas Department of Public Safety v.
Stacy, 954 S.W.2d 80, 81 (Tex.App. B San Antonio 1997, no writ), involved an appeal from an administrative
driver=s license suspension proceeding.  In Stacy, the Department appealed the
county court=s judgment overturning the suspension of
Stacy=s driver=s license.  During the pendency
of the appeal, the criminal DWI charge filed against Stacy was dismissed at the
county attorney=s request for Ainsufficient evidence to prove guilt beyond a reasonable doubt.@  Texas
Department of Public Safety v. Stacy, supra at 81.  Stacy sought the dismissal of the appeal of
the suspension proceeding based on the dismissal of the corresponding DWI
charge.

The San
Antonio Court of Appeals analyzed the question of whether the dismissal of the
criminal charge filed against Stacy should be treated as an acquittal.  The court ultimately determined that the
dismissal did not constitute an acquittal under the Transportation Code.  Citing Lewis v. State, 889 S.W.2d
403, 406 (Tex.App. B
Austin 1994, pet=n ref=d), the court in Stacy held that the dismissal or abandonment of
a criminal accusation is tantamount to an acquittal only after jeopardy
attaches.  The court also relied on a
provision of the Texas Administrative Code for the requirement that jeopardy
must have attached before a dismissal can constitute an acquittal.  See 37 TEX. ADMIN. CODE '17.13(c)(1) (2003) (Tex. Dep=t of Pub. Safety, Effect of Acquittal;
Notification to the Department) (AFor purposes of this section, the following types of dispositions of
any criminal complaint shall not be regarded as an acquittal: a pre-trial order
of dismissal where jeopardy has not attached@).  The court ruled that the
dismissal of the criminal charge did not constitute an acquittal because
jeopardy had not attached.  See State
v. Torres, 805 S.W.2d 418, 421 (Tex.Cr.App.1991) (Jeopardy attaches when
both sides have announced ready and the defendant has pleaded to the charging
instrument).  








Texas
Department of Public Safety v. Norrell, 968 S.W.2d 16, 17-18 (Tex.App. B Corpus Christi 1998, no pet=n), also involved an appeal brought by the Department from a driver=s license suspension proceeding.  The prosecutor elected not to file criminal
charges against Norrell.  Norrell argued
that the prosecutor=s
decision not to file criminal charges was tantamount to an acquittal and
required a rescission of the suspension. 
The Corpus Christi Court of Appeals held that the prosecutor=s decision not to prosecute did not
constitute an acquittal under the Transportation Code.  The court based its determination on the
manner in which the United States Supreme Court and the Texas Court of Criminal
Appeals have defined acquittal.  The
Supreme Court has defined acquittal as Athe ruling of a judge, whatever its label, [which] actually represents
a resolution [in the defendant=s favor], correct or not, of some or all of the factual elements of the
offense charged.@  Hackleman
v. State, 919 S.W.2d 440, 454 (Tex.App. B Austin 1996, pet=n ref=d, untimely filed)(quoting United States
v. Martin Linen Supply Co., 430 U.S. 564 (1977).  The Court of Criminal Appeals has defined acquittal as an Aofficial fact finding@ that the accused is not guilty of the
criminal offense with which he is charged. 
Ex parte George, 913 S.W.2d 523, 527 (Tex.Cr.App.1995).  The court in Norrell also cited the
manner in which the Department has defined acquittal.  See 37 TEX. ADMIN. CODE '17.2 (2003) (Tex. Dep=t of Pub. Safety, Definitions) (AA legal judgment or certification of >not guilty= of a
person charged with a crime, including a judgment following directed verdict,
in a court proceeding at which jeopardy attached@).  The court agreed with the
holding in Stacy that a defendant cannot be acquitted of an offense
unless and until he or she is charged and jeopardy has attached.








Texas
Department of Public Safety v. Stockton, supra at 422-23, examined whether a dismissal of a DWI charge after a
favorable ruling on a speedy trial motion constituted an acquittal under the
Transportation Code.  In holding that
the dismissal did not constitute an acquittal, the San Antonio Court of Appeals
reaffirmed its previous holding in Stacy that a dismissal of a criminal
case is equivalent to an acquittal only after jeopardy attaches.  The court also relied on a provision of the
Texas Administrative Code which explicitly states that Aany discharge or dismissal brought about by a
failure to bring a cause of action to speedy trial within the time required by
the state or federal constitutions...shall not be regarded as an acquittal@ for purposes of removing Areferences to the suspension from the
defendant=s computerized driving record.@  See
37 TEX. ADMIN. CODE '17.13(c)(5) (2003) (Tex. Dep=t of Pub. Safety, Effect of Acquittal; Notification to the
Department).             Stacy, Norrell, and Stockton are
consistent in both their outcomes and analyses.  These cases utilized both case law and administrative provisions
promulgated by the Department to interpret the meaning of acquittal under the
Transportation Code.  They adopted a
definition of acquittal which comports with the traditional meaning of the term
by requiring that jeopardy must attach in order for a dismissal to constitute
an acquittal.  The trial court
acknowledged this requirement in this case as evidenced by its declaration that
jeopardy had attached in the criminal proceeding.  

Texas
courts have historically determined the attachment of jeopardy from a
procedural standpoint.  Jeopardy
attaches when the jury is empaneled and sworn, or for bench trials, when both
sides have announced ready and the defendant has pleaded to the charging
instrument.  See Hill v. State,
90 S.W.3d 308, 313 (Tex.Cr.App.2002); State v. Torres, supra at
421.  This method of determining the
attachment of jeopardy is beneficial because it provides an objective,
bright-line standard.  The dismissal
entered in this case occurred prior to any of these steps in the criminal
proceedings.  Irrespective of this fact,
appellee contends that jeopardy attached based on the reason given by the
prosecutor for the dismissal. 

Appellee
bases his assertion that jeopardy attached on the argument that the State could
never prosecute him for the DWI offense in the future as a result of the
prosecutor=s determination that probable cause for the
stop did not exist.  The Texas Court of
Criminal Appeals addressed a similar contention in Neaves v. State, 767
S.W.2d 784 (Tex.Cr.App.1989).  In
addressing a claim of collateral estoppel, the court held that a finding of no
probable cause to arrest an individual for DWI would not necessarily preclude a
subsequent prosecution for DWI.  Neaves
v. State, supra at 786-87.  In State
v. Rodriguez, 11 S.W.3d 314, 315-16 (Tex.App. B Eastland 1999, no pet=n), we addressed the question of whether or
not jeopardy attached to a ruling made on a motion to suppress evidence.  The trial court determined that the
affidavit supporting the issuance of a search warrant was insufficient to establish
probable cause.  We concluded that
jeopardy did not attach to the ruling on the suppression motion even though the
ruling was based on a finding of no probable cause.  








In light
of the holdings in Neaves and Rodriguez, we disagree with the
trial court=s determination that jeopardy had attached to
the criminal proceedings brought against appellee.  Since jeopardy did not attach to the criminal proceedings, the
dismissal of the criminal charge did not constitute an acquittal under the
Transportation Code.  The Department=s sole issue is sustained.

Insofar as
it requires the expunction of records pertaining to the suspension of appellee=s driver=s license, the trial court=s order is reversed; and judgment on that issue is rendered in favor of
the Department.  In all other matters,
the trial court=s expunction order is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

September 11, 2003

Not designated for
publication.  See TEX.R.APP.P.
47.2(a).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











     [1]The
Texas Transportation Code provides two methods for the administrative
suspension of a driver=s license in connection with an arrest for driving
while intoxicated. TEX. TRANSP. CODE ANN. ch. 524  (Vernon 1999 & Supp. 2003) governs suspensions when an
analysis of a person=s breath or blood specimen shows that he or she is
legally intoxicated.  See Section
524.011.  TEX. TRANSP. CODE ANN.  ch. 724 
(Vernon 1999 & Supp. 2003) provides for the suspension of a person=s driver=s license when
he or she refuses to submit to the taking of a breath or blood specimen at the
request of an arresting officer.  See
Section724.032.  The record is silent as
to the underlying basis for the suspension of appellee=s driver=s license.  The basis for the suspension does not affect
the  resolution of this appeal.





     [2]The
trial court revisited the acquittal question during a hearing on the Department=s motion for new trial.





     [3]The
criminal charge was filed in the County Court of Mitchell County.  Appellee filed the expunction proceeding in
the 32nd District Court pursuant to Article 55.02, section 2(a).