Opinion filed February 23,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00058-CV

                                                    __________

 

                               MICHAEL
RAY JIMINEZ, Appellant  

 

                                                             V.

 

              TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellee

 

 

                                  On
Appeal from the County Court at Law

                                                            Nolan
County, Texas

                                                       Trial
Court Cause No. 1897

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
appeal arises from the suspension of Michael Ray Jiminez’s driving privileges.  His
driver’s license was suspended by the Texas Department of Public Safety after
his arrest for driving while intoxicated because he provided a breath specimen
showing an alcohol concentration of .08 or greater. Appellant initially sought
an administrative review of the suspension. The administrative law judge (ALJ)
upheld the suspension following an administrative hearing.  Appellant then
sought judicial review of the administrative decision pursuant to Tex. Transp. Code Ann. § 524.041 (West 2007). 
The trial court entered an order that essentially affirmed the administrative
suspension of appellant’s driving privileges.  However, the trial court’s order
also remanded the administrative decision for the entry of corrected findings
of fact and conclusions of law.  Appellant challenges the trial court’s order
in three issues.  We modify and affirm. 

Standard
of Review

            When reviewing an administrative suspension, courts use a substantial
evidence standard of review.  Mireles v. Texas Dep’t of Pub. Safety, 9
S.W.3d 128, 131 (Tex. 1999).  A court applying the substantial evidence
standard of review may not substitute its judgment for that of the agency.  Id. 
The issue for the reviewing court is not whether the agency’s decision was
correct, but only whether the record demonstrates some reasonable basis for the
agency’s action.  Id.  Courts must affirm administrative findings in
contested cases if there is more than a scintilla of evidence to support them. 
Id.  An administrative decision may be sustained even if the evidence
preponderates against it.  Id.    

            We
review the trial court’s decision de novo.  Tex. Dep’t of Pub. Safety v.
Gonzales, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.).  This
means that we independently assess the ALJ’s decision under the substantial evidence
standard of review.  Id.  Whether substantial evidence exists to support
an ALJ’s order is a question of law. Tex. Dep’t of Pub. Safety v. Alford,
209 S.W.3d 101, 103 (Tex. 2006).  The true test is not whether the agency
reached the correct conclusion, but whether some reasonable basis exists in the
record for the action taken by the agency.  See Tex. Health Facilities Comm’n
v. Charter Med.-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984).  The reviewing
court is not bound by the reasons given by an agency in its order, provided
there is a valid basis in the record supporting the agency’s action.  See
Charter Med., 665 S.W.2d at 452.

Analysis

In an administrative license-suspension hearing, the Department bears the burden of
proving several elements, the first of which is that “reasonable suspicion or
probable cause existed to stop or arrest the person.”  Tex. Transp. Code Ann. § 724.042(1) (West 2011); Tex.
Dep’t of Pub.  Safety v. Norrell, 968 S.W.2d 16, 18 (Tex. App.—Corpus
Christi 1998, no pet.) (The Department’s burden of proof is a preponderance of
the evidence.).  The only contested element in this case is whether the
arresting officer had reasonable suspicion to stop appellant.  In this regard,
the ALJ made the following finding of fact:

FINDINGS OF
FACT NO. 1

 

            On May
16, 2009, reasonable suspicion to stop Defendant or probable cause to arrest
Defendant existed.  Texas Department of Public Safety Highway Patrol Trooper
John Nichols observed the Defendant operating a white Ford pickup truck on
State Highway 70, a public roadway, in Nolan County, Texas.  Trooper Nichols
observed Defendant weaving out of his lane of travel.  Therefore, Trooper
Nichols stopped Defendant.

 

The
crux of the dispute in this appeal is the “weaving” finding.  The Department
offered  Trooper John Nichols’s offense report at the administrative hearing in
support of the license suspension.  Trooper Nichols stated in the “SYNOPSIS”
portion of the offense report that “[o]n 05/15/09 I stopped a vehicle for not
signaling when changing lanes.”  In the “DETAILS” section of the offense
report, he stated:  “I saw a white Ford truck traveling south on SH 70 in front
of me.  The driver was in the outside lane and when he went under the railroad
tracks, he drove into the inside lane without ever using his turn signal.”  In
light of Trooper Nichols’s statements, the trial court concluded that the
“weaving” finding by the ALJ was erroneous.  The trial court remanded the case
back to the ALJ “for the entry of findings of fact and conclusions of law
consistent with the evidence admitted at trial.”  However, the trial court did
not reverse the administrative suspension of appellant’s driving privileges
because it determined that his substantial rights were not prejudiced.

Appellant
raises three issues on appeal.  In his first issue, he contends that the trial
court improperly fabricated a stipulation and agreement between the parties.  We
need not resolve appellant’s first issue on the merits because it is not
dispositive of an issue in the case.  The trial court’s order contains the
following recital: “The attorney for appellant and the attorney for the
Department both stipulate and agree, that this is a ‘no signal’ case and there
is no evidence that Defendant was ‘weaving’ as provided in Findings of Fact
No. 1.”  Based on the record, it appears that appellant is correct in his
assertion that he did not stipulate to this fact.  However, the recital was not
the sole basis for the order of remand issued by the trial court.  Accordingly,
appellant’s first issue is overruled.  See Tex. R. App. P. 44.1.

Appellant
asserts in his second issue that the trial court erred in remanding the case
back to the ALJ.  He bases this issue on the contention that the ALJ did not
err in making the weaving finding based upon the evidence in the administrative
record.  Appellant contends that a remand was improper under Tex. Gov’t Code Ann. § 2001.174 (West 2008)
because his substantial rights were not prejudiced by the ALJ’s weaving finding.[1] 
 In his third issue, appellant asserts that the weaving finding was supported
by the evidence.  We address these issues together because they are premised on
the same contention—that the ALJ’s weaving finding was supported by the
evidence in the administrative record.  

Under
the applicable standard of review, we review the trial court’s decision de novo. 
Gonzales, 276 S.W.3d at 91.  Our inquiry is not focused on whether or
not the trial court’s order is correct in all technical aspects.  Instead, we independently
assess the ALJ’s decision under the substantial evidence standard of review.  Id. 
The ALJ upheld the suspension of appellant’s driving privileges for one year. The
ALJ based this action upon a determination that Trooper Nichols had
reasonable suspicion to stop appellant.  In reaching this conclusion, the ALJ
made a finding that Trooper Nichols observed appellant weaving.  As noted
previously, the appropriate inquiry is not whether the agency reached the
correct conclusion, but whether some reasonable basis exists in the record for
the action taken by the agency.  See Charter Med., 665 S.W.2d at 452.  The
reviewing court is not bound by the reasons given by an agency in its order,
provided there is a valid basis in the record supporting the agency’s action. Id. 
Accordingly, we must determine whether there is sufficient evidence in the
record to support the administrative suspension of appellant’s driving
privileges.  

Reasonable suspicion exists if the officer has specific, articulable facts that, when
combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person actually is, has been, or soon
will be engaged in criminal activity.  Ford v. State, 158 S.W.3d 488,
492 (Tex. Crim. App. 2005). Under this standard, the court looks solely to
whether an objective basis for the stop exists, based on the totality of the
circumstances.  Id.  An officer’s witnessing of a traffic violation, or
reasonable suspicion that one is in progress or had been committed, justifies a
stop and detention.  Gonzales, 276 S.W.3d at 92; Tex. Dep’t of Pub.
Safety v. Fisher, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.). 

Relying
upon the ALJ’s weaving finding, appellant argued to the trial court that
Trooper Nichols did not present sufficient evidence of reasonable suspicion for
the stop because he did not provide any information that appellant operated his
vehicle in an unsafe manner.  The traffic offense of failing to maintain a
single lane includes a safety component.  Tex.
Transp. Code Ann. § 545.060(a)(2) (West 2011).  It provides that a
motorist “may not move from [a single] lane unless that movement can be made
safely.”  Id.   The traffic offense of failing to signal does not
include a safety component.  Id. § 545.104(a).  It simply provides that
an operator shall use a turn signal to change lanes.  Id.  

Trooper
Nichols could have properly stopped appellant for failing to signal if he
observed appellant changing lanes without signaling.  Trooper Nichols’s
statements in the administrative record establish that he made this
observation.  Thus, the record demonstrates a reasonable basis for the agency’s
determination that reasonable suspicion existed for the stop.  Consequently,
the weaving finding is immaterial to the suspension of appellant’s driving
privileges under the substantial evidence standard of review. Because the weaving
finding was unnecessary to support the ALJ’s decision, there was no need for
the trial court to remand the finding for correction.  Additionally, an inquiry
into the evidence supporting the weaving finding is also unnecessary.  Appellant’s
second and third issues are overruled.

This
Court’s Ruling

             The
judgment of the trial court is modified to delete the remand of the findings of
fact and conclusions of law to the ALJ for correction.  As modified, the
judgment of the trial court is affirmed insofar as it affirms the ALJ’s 
suspension of appellant’s driving privileges.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

February 23, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]The Department concedes that a remand was improper for a
different reason.  The Department bases this concession on the trial court’s
express determination that the ALJ’s decision did not prejudice appellant’s
substantial rights.