**Opinion filed February 23, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00058-CV

_____

## MICHAEL RAY JIMINEZ, Appellant

## V.

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

**On Appeal from the County Court at Law**
**Nolan County, Texas**
**Trial Court Cause No. 1897**

### M E M O R A N D U M   O P I N I O N

This appeal arises from the suspension of Michael Ray Jiminez's driving privileges. His driver's license was suspended by the Texas Department of Public Safety after his arrest for driving while intoxicated because he provided a breath specimen showing an alcohol concentration of .08 or greater. Appellant initially sought an administrative review of the suspension. The administrative law judge (ALJ) upheld the suspension following an administrative hearing. Appellant then sought judicial review of the administrative decision pursuant to TEX. TRANSP. CODE ANN. § 524.041 (West 2007). The trial court entered an order that essentially affirmed the administrative suspension of appellant's driving privileges. However, the trial court's order also remanded the administrative decision for the entry of

corrected findings of fact and conclusions of law. Appellant challenges the trial court's order in three issues. We modify and affirm.

*Standard of Review*

When reviewing an administrative suspension, courts use a substantial evidence standard of review. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency. *Id*. The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *Id*. Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id*. An administrative decision may be sustained even if the evidence preponderates against it. *Id*.

We review the trial court's decision de novo. *Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.). This means that we independently assess the ALJ's decision under the substantial evidence standard of review. *Id*. Whether substantial evidence exists to support an ALJ's order is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *See Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). The reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis in the record supporting the agency's action. *See Charter Med.*, 665 S.W.2d at 452.

*Analysis*

In an administrative license-suspension hearing, the Department bears the burden of proving several elements, the first of which is that "reasonable suspicion or probable cause existed to stop or arrest the person." TEX. TRANSP. CODE ANN. § 724.042(1) (West 2011); *Tex. Dep't of Pub. Safety v. Norrell*, 968 S.W.2d 16, 18 (Tex. App.—Corpus Christi 1998, no pet.) (The Department's burden of proof is a preponderance of the evidence.). The only contested element in this case is whether the arresting officer had reasonable suspicion to stop appellant. In this regard, the ALJ made the following finding of fact:

**FINDINGS OF FACT NO. 1**

On May 16, 2009, reasonable suspicion to stop Defendant or probable cause to arrest Defendant existed. Texas Department of Public Safety Highway

2

Patrol Trooper John Nichols observed the Defendant operating a white Ford pickup truck on State Highway 70, a public roadway, in Nolan County, Texas. Trooper Nichols observed Defendant weaving out of his lane of travel. Therefore, Trooper Nichols stopped Defendant.

The crux of the dispute in this appeal is the "weaving" finding. The Department offered Trooper John Nichols's offense report at the administrative hearing in support of the license suspension. Trooper Nichols stated in the "SYNOPSIS" portion of the offense report that "[o]n 05/15/09 I stopped a vehicle for not signaling when changing lanes." In the "DETAILS" section of the offense report, he stated: "I saw a white Ford truck traveling south on SH 70 in front of me. The driver was in the outside lane and when he went under the railroad tracks, he drove into the inside lane without ever using his turn signal." In light of Trooper Nichols's statements, the trial court concluded that the "weaving" finding by the ALJ was erroneous. The trial court remanded the case back to the ALJ "for the entry of findings of fact and conclusions of law consistent with the evidence admitted at trial." However, the trial court did not reverse the administrative suspension of appellant's driving privileges because it determined that his substantial rights were not prejudiced.

Appellant raises three issues on appeal. In his first issue, he contends that the trial court improperly fabricated a stipulation and agreement between the parties. We need not resolve appellant's first issue on the merits because it is not dispositive of an issue in the case. The trial court's order contains the following recital: "The attorney for appellant and the attorney for the Department both stipulate and agree, that this is a 'no signal' case and there is no evidence that Defendant was 'weaving' as provided in Findings of Fact No. 1." Based on the record, it appears that appellant is correct in his assertion that he did not stipulate to this fact. However, the recital was not the sole basis for the order of remand issued by the trial court. Accordingly, appellant's first issue is overruled. *See* TEX. R. APP. P. 44.1.

Appellant asserts in his second issue that the trial court erred in remanding the case back to the ALJ. He bases this issue on the contention that the ALJ did not err in making the weaving finding based upon the evidence in the administrative record. Appellant contends that a remand was improper under TEX. GOV'T CODE ANN. § 2001.174 (West 2008) because his substantial rights were not prejudiced by the ALJ's weaving finding.[1] In his third issue, appellant asserts that the weaving finding was supported by the evidence. We address these issues together

---

[1]The Department concedes that a remand was improper for a different reason. The Department bases this concession on the trial court's express determination that the ALJ's decision did not prejudice appellant's substantial rights.

because they are premised on the same contention—that the ALJ's weaving finding was supported by the evidence in the administrative record.

Under the applicable standard of review, we review the trial court's decision de novo. *Gonzales*, 276 S.W.3d at 91. Our inquiry is not focused on whether or not the trial court's order is correct in all technical aspects. Instead, we independently assess the ALJ's decision under the substantial evidence standard of review. *Id.* The ALJ upheld the suspension of appellant's driving privileges for one year. The ALJ based this action upon a determination that Trooper Nichols had reasonable suspicion to stop appellant. In reaching this conclusion, the ALJ made a finding that Trooper Nichols observed appellant weaving. As noted previously, the appropriate inquiry is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *See Charter Med.*, 665 S.W.2d at 452. The reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis in the record supporting the agency's action. *Id.* Accordingly, we must determine whether there is sufficient evidence in the record to support the administrative suspension of appellant's driving privileges.

Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Under this standard, the court looks solely to whether an objective basis for the stop exists, based on the totality of the circumstances. *Id.* An officer's witnessing of a traffic violation, or reasonable suspicion that one is in progress or had been committed, justifies a stop and detention. *Gonzales*, 276 S.W.3d at 92; *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.).

Relying upon the ALJ's weaving finding, appellant argued to the trial court that Trooper Nichols did not present sufficient evidence of reasonable suspicion for the stop because he did not provide any information that appellant operated his vehicle in an unsafe manner. The traffic offense of failing to maintain a single lane includes a safety component. TEX. TRANSP. CODE ANN. § 545.060(a)(2) (West 2011). It provides that a motorist "may not move from [a single] lane unless that movement can be made safely." *Id.* The traffic offense of failing to signal does not include a safety component. *Id.* § 545.104(a). It simply provides that an operator shall use a turn signal to change lanes. *Id.*

Trooper Nichols could have properly stopped appellant for failing to signal if he observed appellant changing lanes without signaling. Trooper Nichols's statements in the administrative record establish that he made this observation. Thus, the record demonstrates a reasonable basis for the agency's determination that reasonable suspicion existed for the stop. Consequently, the weaving finding is immaterial to the suspension of appellant's driving privileges under the substantial evidence standard of review. Because the weaving finding was unnecessary to support the ALJ's decision, there was no need for the trial court to remand the finding for correction. Additionally, an inquiry into the evidence supporting the weaving finding is also unnecessary. Appellant's second and third issues are overruled.

*This Court's Ruling*

The judgment of the trial court is modified to delete the remand of the findings of fact and conclusions of law to the ALJ for correction. As modified, the judgment of the trial court is affirmed insofar as it affirms the ALJ's suspension of appellant's driving privileges.


TERRY McCALL

JUSTICE


February 23, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

5