Having reached the conclusion that no reversible error was committed in the trial of the case, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## BROWN v. PHILLIPS PETROLEUM CO. et al.

### No. 14126.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 18, 1940.

John A. Hughes, of Jefferson, William J. Gerron, of Brady, and Evans J. Adkins, of Brady, for plaintiff-in-error Winnie Brown.

P. F. Graves, of Houston, for defendants-in-error Fohs Oil Co., Pilgrim Exploration Co., Cora B. Fohs, L. W. Wickes, R. E. McConnell and Francis M. Weld.

R. K. Batten, of Houston, for defendant-in-error Phillips Petroleum Co.

P. G. McElwee, of Houston, W. W. Harris, of Pittsburg, H. P. Smead, of Longview, Scott, Hall & Lindsay, of Marshall, Ramey, Calhoun & Marsh, of Tyler, and Schluter & Singleton, of Jefferson, for other defendants-in-error.

DUNKLIN, Chief Justice.

This is a suit in trespass to try title to 65 acres of land out of the Francis White Survey, situated in Marion County, Texas. It was instituted by plaintiff, Winnie Brown. There were numerous defendants and interveners, and in plaintiff's fourth amended original petition, she sought a recovery against all of them for a fee simple title to the land, which she alleged belonged to her. Several interveners and defendants also filed cross-actions against plaintiff and other parties to the suit. The defendants and interveners answered plaintiff's suit by general demurrer, general denial, pleas of not guilty and special pleas of limitation of three, five, ten and twenty-five years.

On trial of the case, plaintiff took a non-suit as against numerous defendants and interveners, and several of the cross-actions were likewise dismissed. Following that disposition of the parties, the court rendered judgment denying plaintiff, Winnie Brown, any relief as against each and all of the defendants and certain interveners; also in favor of the defendant, Emma Johnson, joined by her husband, Will Johnson, and Phillips Petroleum Company, a corporation, on their cross-action, against plaintiff, Winnie Brown, and other parties to the suit, namely, George Brown, George W. Hardy, Jr., Joe Price and Georgia Berry and her husband, John Berry, for title and possession of the 65 acres of land in controversy, all in accordance with an instructed verdict.

From that judgment plaintiff, Winnie Brown, has prosecuted a writ of error to the Court of Civil Appeals at Texarkana, no complaint of the judgment being made by any other party or parties to the suit. And by order of the Supreme Court, the case has been transferred to this court.

Much testimony was introduced on the trial. We shall cite such portions only as are controlling in determining the merits of the assignments of error presented.

On March 5, 1875, plaintiff, Winnie Brown, was lawfully married to Virgil M. Brown, in Natchitoches Parish, Louisiana. They lived together as husband and wife about two and a half years, and during the latter part of 1877, Virgil moved to Texas, leaving plaintiff in Natchitoches Parish, Louisiana. The parties never lived together or saw each other after that separation. No decree of divorce by any court either in Louisiana or in Texas was introduced in evidence. Ever since her marriage to Virgil, plaintiff has continued to live in Natchitoches Parish, and has never again married. After Virgil left Louisiana he never returned to that State to live, but continued to reside in Texas until his death in the year 1917, in Marion County, Texas. During the period of their separation there was no communication between them, and they never saw each other. At the time of their separation in Louisiana, Virgil requested plaintiff's consent to a divorce, which she refused. No children were born of their marriage.

On the witness stand plaintiff admitted that some time after Virgil left her, she lived with one David Shelby for about a year; that they "were courting and trying to marry" and that "if the law had not run him off because of some trouble we would have continued to live together because we were fixing to marry."

John Cheatam, witness for the plaintiff, testified that he knew Virgil M. Brown; that he knew when he came into Marion County, Texas, but did not know the year; that when he came he brought a woman with him by the name of Ella, who lived with him for quite a while; that some time after Ella left, he married Emma Barnett, who is one of the defendants, having married Will Johnson after the death of Virgil M. Brown. Her marriage to Virgil M. Brown was by a preacher, acting under the authority of a statutory license, but there is no official record in Marion County of such a license. According to the testimony of James Barnett, brother of defendant, Emma Johnson was born in 1867 and married 16 years later, towit, in 1883. They lived together as husband and wife until the date of Virgil's death in 1917.

Title to the land in controversy was acquired by a deed from Douglas Jones, of the County of Marion, State of Texas, on November 25, 1912, the deed thereto reciting a consideration of $700 in hand paid by Virgil M. Brown and his wife, ———— Brown, of the County of Marion, State of Texas, and the conveyance was to both husband and wife jointly, and was duly recorded. After its acquisition, Virgil and Emma occupied and used it as their homestead until the date of Virgil's death. Ever since his death Emma has been in continuous, peaceable and adverse possession of the property, claiming the title thereto, using and enjoying the same and paying taxes thereon up to the date of the institution of this suit.

No children were born of the marriage to Emma. Virgil died intestate and no administration was had on his estate, nor was there any necessity therefor. Virgil and his wife Emma were never divorced.

Virgil and both his said wives were colored people. Emma married Virgil in perfect good faith, and prior to the institution of this suit she had never heard of his former marriage to plaintiff. Virgil was a preacher, and occasionally officiated as such at religious gatherings, both in Louisiana and in Texas.

The testimony of plaintiff, Winnie Brown, and of defendant, Emma Johnson, was not contradicted by the direct testimony of any other witness; and the testi-

mony of both was corroborated by that of several other witnesses.

By several assignments of error the contention is presented that there was an absence of proof of a divorce from plaintiff, Winnie Brown. That defendant, Emma Johnson, was only the putative wife of Virgil, which at best gave her title to only one-half of the property, and the other half passed to plaintiff, as her half of the community property acquired by Virgil while he was her lawful husband.

Here we have prima facie proof of two lawful marriages, the first to plaintiff, Winnie Brown, in the year 1875, and the second to defendant, Emma Brown, now Emma Johnson, in the year 1883, or 1887. For the purpose of this suit, counsel for appellant concedes the rule of presumption, and burden of proof to be as announced in Holman v. Holman, Tex.Com.App., 288 S.W. 413, 414, as follows: "Whenever a marriage is assailed as being invalid on account of a prior marriage having been contracted by one of the parties to the assailed marriage, such prior marriage is presumed to have been dissolved before the second marriage was consummated. Nixon v. [Wichita] Land Co., 84 Tex. 408, 19 S.W. 560; Carroll v. Carroll, 20 Tex. [731] 732; Yates v. Houston, 3 Tex. [433] 449; 38 C.J. 1328. This presumption in favor of the validity of the second marriage must prevail, unless rebutted by evidence which negatives the effective operation of every possible means by which a dissolution of such prior marriage could have been effected."

In Floyd v. Fidelity Union Casualty Co., Tex.Civ.App., 13 S.W.2d 909, the same presumption is recognized and followed, but with the further holding that such presumption is rebuttable, and its effect is to cast upon the opposing party the burden of introducing evidence which, standing alone, is sufficient to negative the presumption, and thus present a disputed issue to be determined by the jury, even though it be insufficient to establish the same absolutely, and to a moral certainty.

Predicated upon that latter holding, counsel for appellant insist that the evidence introduced, considered in the most favorable light for the plaintiff, presented a controverted issue of fact, to be determined by the jury, whether the prior marriage to plaintiff was dissolved before Virgil Brown's later marriage to defendant, Emma Johnson; and therefore the court erred in determining that issue in favor of

the defendants and interveners, as a matter of law, by the peremptory instruction to the jury. In that connection appellant cites the testimony of Jesse Barnett, brother of defendant, Emma Johnson, fixing the date of her marriage to be the year 1883; that the marriage was in Marion County, Texas, where Virgil had lived for six years; also proof that no marriage license was ever issued to Virgil Brown in Marion County, and no suit for divorce was ever filed in that county by Virgil Brown against plaintiff, Winnie Brown. Appellant then insists that that evidence, together with all reasonable inferences to be drawn therefrom, was sufficient of itself to require submission to the jury of the issue whether or not the first marriage had been dissolved by a divorce decree prior to the second marriage. Citing Johnson v. Phillips Petroleum Company, Tex.Civ.App., 93 S.W.2d 556, 558, and many others, announcing the familiar rule that: "It is settled law that it is reversible error for the court to direct a verdict, 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'"

In reply to that contention, counsel for appellees submit this argument, with citation of further testimony shown in the record:

"It is submitted that plaintiff in error does not rebut the presumption in question by mere guesswork. Such evidence standing alone does not negative the dissolution of her marriage with Virgil Brown. Moreover, placing Virgil in Marion County for some six years prior to his marriage with Emma, and showing no divorce granted in Marion County, certainly does not negative the idea that Virgil divorced Winnie before he came to Marion County. He had some three years after he parted from Winnie (plaintiff) within which to secure a divorce either in Louisiana or in some other county in Texas. Add to this also the circumstance that divorce was talked by Virgil at the very time he ran Winnie off, and the further circumstance that Winnie admitted that after Virgil left her she was 'courting David Shelby and trying to marry him' and that she 'would still be living with David Shelby if he had not had some trouble and ran off, because they were fixing to get married', and the further circumstance that Virgil

first showed up in Marion County with a wife named Ella, and we find this record, not only not rebutting this presumption of divorce from plaintiff, but actually reinforcing such presumption. Plaintiff didn't testify that she was fixing to divorce Virgil and marry David Shelby; she testified she was living with Shelby and was fixing to marry him. She must have had some idea and conviction herself that Virgil had obtained a divorce from her or she would not have been planning to marry Shelby. Such testimony on the part of plaintiff is tantamount to a positive admission that she knew that Virgil had divorced her."

 After a careful consideration of the evidence shown in the record, we have reached the conclusion that there is no merit in the assignments now under discussion. For not only was the testimony of defendant, Emma Johnson, uncontradicted by any other witness, but it was fully corroborated by that of several disinterested witnesses, in every material respect. And the evidence introduced by plaintiff was wholly insufficient as a matter of law, to overcome the presumption that her marriage to Virgil Brown had been legally dissolved before his marriage to defendant, Emma Johnson. 41 Tex.Jur., par. 176, page 947, and decision there noted.

Moreover, the defenses of five and ten year limitation urged by the several defendants and interveners were conclusively established by the evidence, even if it appears that plaintiff was never divorced from Virgil Brown and that therefore she acquired a community interest of one-half of the land, as a cotenant with Emma Johnson; and for that further reason the court did not err in instructing a verdict in favor of the defendants and interveners.

For even if such cotenancy was created, plaintiff never knew of it or asserted any claim thereunder, until about the time she instituted this suit in the year 1937, which was some twenty years after it accrued. Nor did Emma Johnson have either actual or constructive notice of any such claim by plaintiff prior to the institution of the suit. Her open, peaceable, notorious and adverse possession of the land, using and enjoying the same, and paying taxes thereon, with claim of title to the fee, evidenced particularly by the execution by herself and husband, Will Johnson, of an oil and gas lease on the land in the year 1919, which was duly recorded in the county where the

land was situated, was sufficient to set in motion these statutes of limitation at the date of the lease, at all events, which was some seventeen years prior to the institution of this suit by plaintiff.

Vernon's Annotated Texas Civil Statutes, Arts. 5509 and 5510; Mainwarring v. Templeman, 51 Tex. 205; Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137; 11 Tex.Jur., secs. 27 and 28, pp. 441 and 445, secs. 43 and 44, pp. 471 and 473.

From the foregoing, it follows that all assignments of error must be overruled, and the judgment of the trial court must be affirmed, and it is so ordered.