Thomas A. GIBSON, Jr. and Arthur L. Gibson, Appellants,

v.

William G. BURKHART and Edward Y. Browning, Appellees.

No. 2410.

Court of Appeals of Texas, Corpus Christi.

March 31, 1983.

Rehearing Denied May 5, 1983.

Peter L. Bargmann, Walden & Bargmann, Dallas, Larry E. Wadler, Wharton, for appellants.

Leland B. Kee, Kee & Patterson, Angleton, Daniel F. Shank, Butler, Binion, Rice, Cook & Knapp, Houston, Bert Huebner, Bay City, for appellees.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

The primary issue in this suit is whether Arthur L. Gibson and Thomas A. Gibson and their predecessors have perfected a limitation title to three tracts of land located in Matagorda County. William G. Burkhart and Edward Y. Browning instituted this action claiming that they were entitled to an undivided one-half interest in the land. The Gibsons pleaded that they have title by limitation. After a trial without a jury, the trial court held adversely to the Gibsons and ordered a partition of the land. We affirm.

The common source of title to the property in question was Catherine Burkhart. Miss Burkhart died intestate unmarried and without issue in 1942. The appellees, who were plaintiffs below, claim through Catherine's brother, Young C. Burkhart. The appellants claim through her sister, Louise Burkhart Arthur. The relationships pertinent to this case are illustrated below:

George Burkhart

Catherine Burkhart
d. 1942
Common Source
of title

Louise Burkhart Arthur
d. 1950

Mignon Arthur Gibson
d. 1977 intestate

Young C. Burkhart
d. 1919 intestate

William G. Burkhart
plaintiff

Rose Burkhart Browning
d. 1966 intestate

Arthur L. Gibson
defendant

Thomas A. Gibson
defendant

Edward Y. Browning
plaintiff

The record shows that Young C. Burkhart moved to California in 1904. Louise Burkhart Arthur had also left Texas before her sister's death. When Catherine died, Louise was contacted by Amos Duffy, a resident and undertaker of Matagorda County. Whereupon being a non-resident, Louise renounced her statutory right to administration of Catherine's estate in favor of Amos Duffy. Duffy filed an application for letters of administration on July 13, 1942. His correspondence with Louise, beginning July 8, 1942, reveals that they were aware of the existence of the California kin and of their entitlement to a share in Catherine's estate. Amos Duffy declared in one of the letters to Louise that he was "looking after your interest only and I do not want any heirs claiming any part of this estate but you ... I feel you are entitled to all of it and I am going to see that you get it." In several documents subsequently filed with the probate court, Louise Arthur swore that she was the sole heir. Duffy did not inform the court of the existence of the California relatives. Consequently, the court awarded the entire estate to Louise.

Louise and her descendants thereafter leased the surface to adjoining landowners and tenant farmers and executed mineral leases. In addition, Mignon Gibson resided on one of the tracts from 1956 to 1977. The California branch of the family might never have discovered that Catherine Burkhart died intestate, thereby entitling them to a share in the property, had it not been for the efforts of Weldon Hill, who was investigating the title of the second tract for Amoco in 1972. As a result of his search, Amoco drafted an instrument which stated that Mignon Gibson owned an undivided one-half interest in the property and that Mr. Burkhart and Mr. Browning each owned an undivided one-quarter interest. The parties (including the appellees) signed this instrument and began receiving royalties in proportion to their shares. When Mignon died in 1977, her sons learned that Amoco was paying royalties to their California cousins. The Gibsons informed Amoco that they were entitled to the entire interest, whereupon Amoco suspended payments of royalties to William Burkhart and Edward Browning. The refusal of the Gibsons to recognize their counsins' interest gave rise to this suit.

At the outset of the trial, the parties stipulated:

"That Plaintiffs are the sole heirs at law of Young Caddy Burkhart, deceased (and as such are entitled to take an undivided one-fourth (¼th) interest each in and to the properties described in Plaintiffs' First Amended Original Petition on file herein unless Defendants have perfected a limitation title to such one-half undivided interest as set forth in their pleadings)...."

At the request of the appellants, the court filed findings of fact (70) and conclusions of law (15). Those which are most pertinent to this appeal are set forth below:

"2.03 Prior to the institution of administration on the Estate of Catherine C. Burkhart, Louise Burkhart Arthur and Amos Duffy conspired and agreed between themselves to have Louise Burkhart Arthur adjudged to be the sole surviving heir of Catherine C. Burkhart, deceased, although they each had knowledge that Young C. Burkhart had died in California, leaving children surviving him, who were also the heirs at law of Catherine C. Burkhart.

2.04 The extrinsic fraud arising out of the conspiracy between Louise Burkhart Arthur and Amos Duffy to have Louise Burkhart Arthur adjudged to be the sole heir of Catherine C. Burkhart was intended to induce the Probate Court to make an erroneous finding to that effect and thereby deprive the children of Young Caddy Burkhart of their inherited interest in the Estate of Catherine C. Burkhart.

2.05 As a result of the conspiracy between Amos Duffy and Louise Burkhart Arthur to make material misrepresentations to the Court that Louise Burkhart Arthur was the sole heir at law of Catherine C. Burkhart, the Probate Court of Matagorda County in Cause No. 1257, styled Estate of Catherine C. Burkhart, deceased, relied on such misrepresentations and was thereby induced to wrongfully find and decree that Louise B. Arthur was the sole heir of Catherine C. Burkhart, when both Amos Duffey and Louise Burkhart Arthur knew that Young C. Burkhart left children surviving him who survived Catherine C. Burkhart."

■ It was, of course, incumbent upon appellants to prove the elements of title by limitation. *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781, 787 (Tex. 1954). They challenge the sufficiency of the evidence in support of these and the other findings.

■ When confronted with a no-evidence point of error, this court is required to consider only that evidence which supports the finding and then in its most favorable light. *Schaefer v. Texas Employers Insurance Assoc.,* 612 S.W.2d 199, 201 (Tex.1981). In considering an insufficiency point, we have the duty to consider and weigh all the evidence in the record to determine whether it supports the judgment. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980).

■ We have examined the record and find that the evidence set forth in the correspondence between Amos Duffy and Louise Arthur and in the records of Catherine Burkhart's probate proceeding amply justifies the trial court's findings of conspiracy and fraud. Therefore, the trial court correctly held that Louise Arthur received a one-half interest in the properties burdened with a constructive trust in favor of the California branch of the family and that the appellees are co-tenants. See *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401 (Tex.1960), *Courseview, Inc. v. Phillips Petroleum Co.,* 158 Tex. 397, 312 S.W.2d 197 (Tex.1958).

■ When one co-tenant seeks to gain limitation title to the interests of the other co-tenants, he must give them actual notice or constructive notice which clearly demonstrates an ouster of the nonpossessory co-tenants. *Todd v. Bruner,* 365 S.W.2d 155, 160 (Tex.1963). There was no evidence of actual notice in this case. Appellants argue that the record on file in Matagorda County including Catherine Burkhart's probate proceedings and the mineral leases executed by their predecessors in title constituted constructive notice. The execution of an oil and gas lease and placing it of record has been held to be sufficient notice of an adverse claim to a co-tenant. *Walker v. Walker,* 602 S.W.2d 582, 585 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); *Brown v. Phillips Petroleum Company,* 144 S.W.2d 358, 362 (Tex.Civ.App.—Fort Worth 1940, no writ). There is an additional factor in this case; however: the fraud on the part of Louise Arthur and Amos Duffy. Their misrepresentation to the probate court and failure to contact the descendants of Young Burkhart effectively precluded those decen-

dants from ever learning of their interest in the property. We hold that this fraud and the concealment from the California relations of their interest tolled the running of the statute of limitations. See *Courseview, Inc. v. Phillips Petroleum Corp.,* supra; *Morris v. Texas Elks Crippled Children's Hospital,* 525 S.W.2d 874, 883 (Tex.Civ.App. —El Paso 1975, writ ref'd n.r.e.).

The statute of limitations does not begin to run against a trustee until the beneficiaries of the trust have knowledge of facts sufficient to incite inquiry, *Courseview, Inc. v. Phillips Petroleum Co.,* supra 312 S.W.2d at 205. The evidence shows that the appellees first received such knowledge in 1972 when Mignon Gibson acknowledged their rights to the property. Her recognition of their interest defeats any limitation claim. *Bruni v. Vidaurri,* 140 Tex. 138, 166 S.W.2d 81, 88 (Tex.1942). Although appellants themselves and their claims are clearly hostile to their cousins' claims, they have not held the property long enough under the circumstances here to perfect a limitation title.

We have considered all of the points of error raised in the appellants' brief and find none which requires reversal. Accordingly, we affirm the judgment of the trial court.