

NUMBER 13-06-621-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BETTY J. GARNER, **Appellant,**

**v.**

HORACE GRIFFIN, ET AL. **Appellees.**

**On appeal from the 25th District Court of Gonzales County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela**
**Memorandum Opinion by Justice Yañez**

This case involves the title to an undivided two-fifths interest in a 62.5 acre tract of

land located in Gonzales County ("the property"). Appellees[1] brought suit for partition of

---

[1] Appellees are Horace Griffin, Henry D. Gill, James Gill, Eileen Kaye Ritchie, Raymond Leon Ritchie, Marilyn Regina Ritchie, Timothy Alan Ritchie, Larry Eugene Ritchie, and Donald Lovell Ritchie.

the property against appellant, Betty J. Garner ("Garner").[2] The controlling question is whether Garner established adverse possession against appellees. Following a bench trial, the trial court rendered judgment in appellees' favor, finding that appellees own an undivided two-fifths interest in the property. The trial court subsequently issued findings of fact and conclusions of law. By three issues, Garner challenges several of the trial court's findings of fact and conclusions of law. Specifically, Garner contends (1) the recording of an oil and gas lease provided sufficient notice of repudiation of the co-tenancy; (2) a statement in her father's will did not acknowledge the co-tenancy; and (3) appellees' payment of half the property taxes on the property—without any protest by Garner—did not constitute an admission of the co-tenancy. We affirm.

**Background**

It is undisputed that Garner's father, Demp Mitchell, acquired an undivided three-fifths interest in the property through three deeds, each of which conveyed a one-fifth interest in the property.[3] Mitchell attempted to acquire the remaining two-fifths interest in the property, but was unable to do so because he could not locate the two remaining heirs ("the James heirs").

It is also undisputed that from 1956 (when Mitchell acquired the three-fifths interest in the property) until his death in 1989, Mitchell fenced the entire 62.5 acres and raised livestock on it. He also executed two oil and gas leases covering the entire property: one

---

[2] Appellant filed a counter-petition, asserting limitations title to the disputed property by adverse possession.

[3] Mitchell acquired the deeds from three of the five heirs of the original owner, Richard James, who died intestate in 1951.

2

on March 31, 1965, for a primary term of five years, and a second, on February 8, 1980, for a primary term of three years. Garner inherited Mitchell's interest in the property when he died in 1989.

Garner testified that from 1989 until the time of trial, she believed she had paid the taxes on the entire property. Norma Jean DuBose, tax assessor-collector for Gonzales County, testified that Garner paid the taxes for the entire property from 1990 through 2001. However, for the period from 2002 through 2005, Garner paid taxes on an undivided one-half interest in the property and the James heirs paid taxes on the remaining half-interest in the property. John Liford, an appraiser with the Gonzales County Appraisal District, testified that in 2002, the James heirs requested that the appraisal district (1) change the district's records to reflect that Garner and the James heirs each owned an undivided one-half interest in the property, and (2) separately tax each one-half interest. According to Liford, the district sent notice to Garner that she was being taxed on an undivided one-half interest in the property. Garner testified that she was unaware that for 2002 through 2005, she was only paying taxes on a half-interest in the property. Garner testified she did not receive notice from the appraisal district that she was being taxed only for a one-half interest in the property.

Garner, who has lived in New York since 1967, leases the property to her brother for agricultural use. No one resides on the property. Garner argues that she and Mitchell (her predecessor-in-interest) acquired the entire property by adverse possession. Although Garner acknowledges that a co-tenancy once existed between Mitchell and the two James heirs, she argues that the co-tenancy was repudiated by (1) Mitchell's thirty-three-year use of the property, combined with her use of the property for an additional twelve years, with

3

no claim asserted by the co-tenants, and (2) Mitchell's execution and recording of two oil and gas leases on the property.

**Standard of Review and Applicable Law**

In an appeal from a bench trial, the trial court's findings of fact "have the same force and dignity as a jury's verdict upon questions."[4] The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer.[5] Unchallenged findings of fact are binding on an appellate court unless the contrary is established as a "matter of law" or there is "no evidence" to support the finding.[6] Our review of unchallenged findings is confined to whether the evidence is legally sufficient to support them.[7] Generally, attacks on the sufficiency of the evidence supporting findings of fact "must be directed at specific findings of fact, rather than at the judgment as a whole."[8]

Evidence is legally sufficient if it "would enable reasonable and fair-minded people

---

[4] *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex. 1991).

[5] *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Anderson*, 806 S.W.2d at 794.

[6] *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex. 1986).

[7] *See id.*; *see also Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (explaining that the "matter of law" legal-sufficiency standard applies when adverse findings are challenged by a party who, for the finding in issue, had the burden of proof); *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983) (explaining that the "no evidence" legal-sufficiency standard applies when an adverse finding is challenged by an appellant who did not have the burden of proof for the finding).

[8] *De Arrellano v. State Farm Fire & Cas. Co.*, 191 S.W.3d 852, 855 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (citing *Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex. App.–Houston [14th Dist.] 2003, pet. denied)).

to reach the verdict under review."[9]  In evaluating the evidence's legal sufficiency, "we credit evidence that supports the verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not."[10]  In addition, the trial court as fact finder determines the credibility of the witnesses and the weight to be given their testimony.[11] We will not disturb a finding for factual insufficiency unless the evidence in support of the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust.[12]

A party may not challenge conclusions of law for factual sufficiency, but we may review conclusions of law to determine their correctness based upon the facts.[13]  We will uphold a conclusion of law if the judgment can be supported on any legal theory supported by the evidence.[14]  We review conclusions of law de novo,[15] and we will not reverse them unless they are erroneous as a matter of law.[16]

Adverse possession is "an actual and visible appropriation of real property,

---

[9] *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

[10] *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 827); *see Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 114 (Tex. App.–Beaumont 2005, pet. denied).

[11] *McGalliard*, 722 S.W.2d at 697; *see City of Keller*, 168 S.W.3d at 819.

[12] *See Dow Chem. Co.*, 46 S.W.3d at 242.

[13] *Citizens Nat'l Bank v. City of Rhome*, 201 S.W.3d 254, 256 (Tex. App.–Fort Worth 2006, no pet.).

[14] *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Tex. Dept. of Pub. Safety v. Stockton*, 53 S.W.3d 421, 423 (Tex. App.–San Antonio 2001, pet. denied).

[15] *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

[16] *Stockton*, 53 S.W.3d at 423.

commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person."[17]  Under the ten-year limitation statute, the claimant must hold the real property in adverse possession and cultivate, use, or enjoy it for ten or more continuous years.[18]  The claimant must establish every fact necessary to the claim by clear and convincing evidence.[19]

A co-tenant may not adversely possess against another cotenant unless it clearly appears he has repudiated the title of his cotenant and is holding adversely to it.[20]  Notice of repudiation must be clear, unequivocal, and unmistakable.[21]  Actual notice of repudiation is not required; rather, notice of repudiation may be constructive or inferred.[22]  "Constructive notice will be presumed where the adverse occupancy and claim of title has been long continued, open, notorious, exclusive, and *inconsistent* with the existence of title in others."[23]  The supreme court has explained the character of evidence necessary to show constructive notice of repudiation to the record owner:

> In order to make the plea of limitation effectual in such case, he must show some notorious act of ownership over the property, distinctly hostile to the

---

[17] TEX. CIV. PRAC. & REM. CODE ANN. § 16.021 (Vernon 2002).

[18] *Id.* § 16.026(a) (Vernon 2002).

[19] *Amador v. Berrospe*, 961 S.W.2d 205, 208 (Tex. App.–Houston [1st Dist.] 1996, writ denied).

[20] *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 756 (Tex. 2003) (citing *Todd v. Bruner*, 365 S.W.2d 155, 156 (Tex. 1963)); *York v. Flowers*, 872 S.W.2d 13, 15 (Tex. App.–San Antonio 1994, writ denied).

[21] *Sebesta v. Daniels*, 812 S.W.2d 641, 645 (Tex. App.–Houston [14th Dist.] 1991, writ denied) (citing *Todd*, 365 S.W.2d at 160).

[22] *Natural Gas Pipeline of Am. v. Pool*, 124 S.W.3d 188, 194 (Tex. 2003).

[23] *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 341 (Tex. App.–San Antonio 2006, pet. denied) (citing *Natural Gas Pipeline*, 124 S.W.3d at 194) (emphasis in original).

claim of the grantee; and the adverse possession after this must continue for a sufficient length of time before suit to complete the statutory bar. The "possession must not only be actual, but also visible, continuous, notorious, distinct and hostile, and of such a character as to indicate unmistakably an assertion of claim of exclusive ownership in the occupant."[24]

In determining whether possession of the claimed land is exclusive, all evidence must be considered.[25] While repudiation is often a fact question, when the pertinent facts are undisputed, repudiation may be established as a matter of law.[26]

**Analysis**

The trial court issued findings of fact and conclusions of law as follows:

FINDINGS OF FACT

1. A chain of title exists on the subject tract through which the Plaintiffs claim an interest. The source of the interest of the Plaintiffs is Richard James who received title to the subject tract by deed dated September 19, 1906, executed by Jack James to Richard James, recorded in Volume 78, Page 623, Gonzales County Deed Records. Richard James died intestate in 1951. The Plaintiffs are heirs and descendants of Richard James.

2. The Plaintiffs and the defendant are co-tenants in fee simple in the subject tract. The Defendant's father, Demp Mitchell, purchased an undivided combined 3/5th interest in the subject tract from three of the heirs of Richard James. The Plaintiffs acquired by inheritance an undivided 2/5th interest in fee simple in the subject tract.

3. The Defendant acquired her interest in the subject tract through the last will and testament of her father, Demp Mitchell, who died on March 28, 1989. The will of Demp Mitchell, [sic] was executed on February 13, 1973. The last will and testament of Demp Mitchell was filed for probate in Gonzales County, Texas, on July 6, 1989, in Cause No. 7773 of the Probate Court of Gonzales County. The terms of the will state that Demp Mitchell owned an

---

[24] *Natural Gas Pipeline*, 124 S.W.3d at 196 (citing *Killough v. Hinds*, 161 Tex. 178, 338 S.W.2d 207 (Tex 1960) (quoting *Evans v. Templeton*, 69 Tex. 375, 6 S.W. 843 (Tex. 1887))).

[25] *La. Pac. Corp. v. Holmes*, 94 S.W.3d 834, 838 (Tex. App.–San Antonio 2002, pet. denied).

[26] *King Ranch, Inc.*, 118 S.W.3d at 756.

undivided interest in the subject tract, thus acknowledging that he was a co-tenant. The terms of the will concur with the interest conveyed to Demp Mitchell by three of the heirs of Richard James, in which each of the three deeds to Demp Mitchell conveys of an [sic] undivided 1/5th interest in the subject tract.

4. The testimony of the Tax Assessor-Collector of Gonzales County, Texas, and an appraiser of the Gonzales County Appraisal Office shows that the Plaintiffs paid, for several years, the ad valorem taxes on the undivided interest owned by the Plaintiffs in the subject tract. There was no protest or objection made to the taxing agencies by the Defendant to the payment of taxes by the Plaintiffs, thus acknowledging, by the Defendant, the co-tenancy relationship between the Plaintiff and Defendant.

CONCLUSIONS OF LAW

1. The execution of an Oil and Gas Lease by a co-tenant is not sufficient notice to another co-tenant of the intent of the signatory to attempt to mature a limitation title.

2. There was not sufficient evidence to show an ouster by the Defendant against the Plaintiff to remove the Plaintiff from the subject tract.

3. The acts of the Defendant did not satisfy or meet the burden of a co-tenant to mature a limitation title against a fellow co-tenant.

4. No sufficient notice was given by a co-tenant to put on notice another co-tenant of the intent to mature a limitation title.

By her first issue, Garner challenges the trial court's first conclusion of law. Garner asserts that the recording of an oil and gas lease is sufficient notice to a co-tenant of the repudiation of the co-tenancy. We disagree.

Garner relies on a statement in this Court's opinion in *Gibson v. Burkhart*, in which we stated, "[t]he execution of an oil and gas lease and placing it of record has been held to be sufficient notice of an adverse claim to a co-tenant."[27] In *Gibson*, this Court found that the recording of an oil and gas lease by the appellants/co-tenants was insufficient

_____

[27] *Gibson v. Burkhart*, 650 S.W.2d 185, 188 (Tex. App.–Corpus Christi 1983, writ ref'd n.r.e.).

8

notice of an adverse claim against the appellees because the appellants' fraud had prevented the appellees from learning of their interest in the property.[28] Although there is no evidence of fraud by Mitchell or Garner in the present case, we conclude that neither oil and gas lease relied on by Garner is sufficient notice to appellees of an attempt to mature a limitation title because neither lease purports to assert more than Mitchell's undivided interest in the property.

Both the 1965 and the 1980 oil and gas leases refer to the 62.5 acre tract as "described in a deed dated March 21, 1956" from Ola Ward to Demp Mitchell. The attached 1956 deed conveys "an undivided one-fifth interest" in the property to Mitchell. Because neither the 1965 nor the 1980 oil and gas lease purports to assert more than Mitchell's undivided interest in the property, neither lease could have provided sufficient notice of his attempt to mature a limitation title. We will not reverse the trial court's conclusions of law unless they are erroneous as a matter of law.[29] We overrule Garner's first issue.

By her second issue, Garner challenges a portion of the trial court's third finding of fact, which states in relevant part that "[t]he terms of [Demp Mitchell's] will state that [he] owned an undivided interest in the subject tract, thus acknowledging that he was a co-tenant." According to Garner, the statement in Mitchell's will was "ambiguous" and did not constitute an admission of co-tenancy. Garner also argues that even if the statement in the will acknowledged co-tenancy, the co-tenancy was repudiated in 1980 with the

---

[28] *Id.* at 188-89.

[29] *Stockton*, 53 S.W.3d at 423.

9

recording of the oil and gas lease "which covered the entire property in question."[30]

"Item Fourth" of Demp Mitchell's will devises to Garner "all of the real estate owned by [Demp or Leslie Mitchell] other than the aforesaid land hereinabove devised to our son Benard Mitchell, *including but not limited to all of our undivided interest in and to* [the subject property]."[31]   According to Garner, the statement "including but not limited to" is "ambiguous" and arguably encompasses "both the undivided interest owned by deed and the remaining interest claimed by adverse possession."

Here, the evidence supporting the trial court's finding that the will's reference to "all of our undivided interest" acknowledges Mitchell's co-tenancy is simply the language of the will itself.  There is no "contrary evidence" offered by Garner; she offers only her argument and interpretation that the will's language is "ambiguous."  We conclude the evidence would enable reasonable and fair-minded people to reach the finding made by the trial court.[32]  We therefore hold that the evidence is legally sufficient to support the challenged finding of fact.  Moreover, we hold that the trial court's challenged finding is not so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust.[33]  We overrule Garner's second issue.

By her third issue, Garner challenges the trial court's fourth finding of fact, by which

---

[30] We note that we have already determined that the 1980 oil and gas lease referred only to the deed conveying an "undivided one-fifth interest" to Demp Mitchell.  Thus, we reject Garner's argument that the 1980 oil and gas lease constituted a repudiation of the co-tenancy.

[31] Emphasis added.

[32] *See City of Keller*, 168 S.W.3d at 827.

[33] *See Dow Chem. Co.*, 46 S.W.3d at 242.

10

the court found that Garner's failure to object to appellees' payment of ad valorem taxes on their undivided interest in the property for several years constituted an acknowledgment by Garner of the co-tenancy relationship with appellees.  Garner also argues that the 2002 payment of taxes by appellees had no effect because the ten-year statute of limitations began to run in 1980, when the co-tenancy was repudiated by the execution of the 1980 oil and gas lease, and limitations had therefore run by 1990.[34]

As noted, testimony at trial established that (1) in 2002, the appraisal district sent notice to Garner that she was being taxed on an undivided one-half interest in the property; (2) the district received no objection or protest from Garner; and (3) Garner testified she did not receive notice and was unaware that she was being taxed for a one-half interest in the property.

As fact finder, the trial court determined the witnesses' credibility and the weight to be given to their testimony.[35]  The trial court could have rejected Garner's testimony that she did not receive notice and was unaware that after 2002, she was paying taxes on an undivided one-half interest in the property.  We conclude the evidence would enable reasonable and fair-minded people to reach the finding made by the trial court.[36]  We therefore hold that the evidence is legally sufficient to support the challenged finding of fact.  Moreover, we hold that the trial court's challenged finding is not so against the great

---

[34] Garner argues that whether she received notice of appellees' payment of taxes on the property after 2002 is a "moot point" because she had acquired limitations title to the property by 1990.   As discussed earlier, we have rejected Garner's argument that the execution of the 1980 oil and gas lease constituted a repudiation of the co-tenancy.

[35] *See City of Keller*, 168 S.W.3d at 819; *McGalliard*, 722 S.W.2d at 697.

[36] *See City of Keller*, 168 S.W.3d at 827.

weight and preponderance of the evidence that it is clearly wrong and manifestly unjust.[37]

We overrule Garner's third issue.

## Conclusion

We affirm the trial court's judgment.

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 29th day of January, 2009.

---

[37] *See Dow Chem. Co.*, 46 S.W.3d at 242.