KVA Draft B printed May 27, 2010 (9:12PM)









Affirmed and Memorandum Opinion filed October 19, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00063-CV

___________________

 

Elaine Roller, Appellant

 

V.

 

A.J. O'Connor, Jr. and Donna K. O'Connor,
Appellees



 



 

On
Appeal from the 82nd Judicial District Court

Robertson County,
 Texas



Trial Court Cause No. 08-01-18006-CV

 



 

 

MEMORANDUM OPINION

            This is an appeal from a summary judgment in a
trespass to try title action brought under the five-year adverse-possession statute. 
The trial court found appellees A.J. O’Connor, Jr. and Donna K. O’Connor
established title pursuant to section 16.025 of the Texas Civil Practice and
Remedies Code and appellant Elaine Roller owned no interest in the surface or
mineral estates.  We affirm.

I.         Factual
and Procedural Background

A.J. May and Margaret
May acquired a tract of land in Robertson County, Texas, which included the
property that is the subject of this lawsuit, by deed in 1974.  A.J. May and
Margaret May had two children, Elaine Roller and Patsy Cole.  A.J. May died on
January 27, 1990, and did not leave a will.  Roller assumed that her mother
owned the property upon her father’s death.   

Guaranty Title Company
of Robertson County, Inc. issued a commitment for title insurance stating
record title to the property that is the subject of this lawsuit appeared to be
vested in Margaret May.  The effective date of the commitment was June 11,
2001.  Margaret May conveyed the subject property to A.J. O’Connor, Jr. and
Donna K. O’Connor (hereinafter “the O’Connors”) by warranty deed on July 3,
2001.  No part of the mineral estate was reserved by May.  According to Donna
O’Connor’s deposition, the O’Connors began using the property on weekends,
holidays, and during vacation time and moved to the property full-time in
September 2002.  

The O’Connors executed
an oil, gas and mineral lease with Land Access, Inc. in August 2004.  Roller
was contacted by someone from an oil and gas company who informed her that she
was a part-owner of the property conveyed by her mother.  In January 2008,
Roller executed an oil, gas and mineral lease with Burlington Resources Oil
& Gas Company LP.       

            The
O’Connors filed a trespass to try title suit against Roller on January 24,
2008, claiming title to the property by adverse possession in reliance on the
five-year limitations provision in section 16.025 of the Texas Civil Practice
and Remedies Code.  On July 10, 2008, the O’Connors filed a motion for summary
judgment.  In the motion, the O’Connors argued that (1) they satisfied the
requirements for adverse possession under the five-year limitations provision
in section 16.025 of the Texas Civil Practice and Remedies Code as a matter of
law and (2) Margaret May was a co-tenant with her daughters Roller and Cole
and, when she conveyed the property by deed to the O’Connors, this action
constituted a disseizin of Roller and Cole.[1] 
Roller filed a response to the motion for summary judgment as well as her own
traditional and no-evidence summary judgment motion. 

In its judgment, the
trial court concluded that there were no genuine issues of material fact, and
as a matter of law A.J. O’Connor, Jr. and Donna K. O’Connor established title
by adverse possession under section 16.025 of the Texas Civil Practice and
Remedies Code against Roller.  The trial court further determined that Roller, and
her heirs and assigns, owned no interest either in the surface estate or the
mineral estate of the property, and the O’Connors owned the property by virtue
of a deed from Margaret May and by virtue of adverse possession under the
five-year limitations period in section 16.025 of the Texas Civil Practice and
Remedies Code.  The court quieted title in favor of the O’Connors.  This appeal
followed.[2]

II.        Analysis

In her first issue,
Roller argues that the trial court erred in granting the O’Connors’ motion for
summary judgment because (1) the O’Connors did not satisfy section 16.025 of
the Texas Civil Practice and Remedies Code and (2) the actions of Guaranty
Title Company prevented Roller from learning of her interest in her inheritance
and should toll the time requirement in section 16.025.  

            We
review a trial court’s granting of a traditional summary judgment de novo.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  A
summary judgment under Rule of Civil Procedure 166a(c) is properly granted only
when a movant establishes that there are no genuine issues of material fact and
that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  A plaintiff moving for summary judgment must conclusively prove all
essential elements of his claim.  MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986).  In deciding whether there is a disputed material fact precluding
summary judgment, evidence favorable to the non-movant will be taken as true,
every reasonable inference must be indulged in favor of the non-movant, and any
doubts resolved in its favor.  Knott, 128 S.W.3d at 215.  A matter is
conclusively established if reasonable people could not differ as to the
conclusion to be drawn from the evidence.  City of Keller v. Wilson, 168
S.W.3d 802, 816 (Tex. 2005).   

            Under
the statute, “[a] person must bring suit not later than five years after the
day the cause of action accrues to recover real property held in peaceable and
adverse possession by another who:  (1) cultivates, uses, or enjoys the
property; (2) pays applicable taxes on the property; and (3) claims the
property under a duly registered deed.”  Tex. Civ. Prac. & Rem. Code Ann. §
16.025(a)(1)-(3) (Vernon 2002).  Roller argues that the trial court erred in
granting the O’Connors’ motion for summary judgment as a matter of law because
the O’Connors did not prove they cultivated, used, or enjoyed the property for
the statutory limitations period.   

  Adverse possession is
defined as “an actual and visible appropriation of real property, commenced and
continued under a claim of right that is inconsistent with and is hostile to
the claim of another person.”  Id. § 16.021(1); Natural Gas Pipeline
Co. of Am. v. Pool, 124 S.W.3d 188, 193 (Tex. 2003).  Peaceable possession
means “possession of real property that is continuous and is not interrupted by
an adverse suit to recover the property.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 16.021(3); Pool, 124 S.W.3d at 193.  An adverse-possession claim
requires proof of the following elements:  (1) actual possession of the
disputed property, (2) that is open and notorious, (3) that is peaceable, (4)
under a claim of right, (5) that is adverse or hostile to the claim of the
owner, (6) consistently and continuously for the duration of the statutory
period.  Glover v. Union Pac. R.R. Co., 187 S.W.3d 201, 213 (Tex.
App.—Texarkana 2006, pet. denied).  

In support of her
argument that a fact issue exists as to when the O’Connors began adversely
possessing the property, Roller relies on Donna O’Connor’s deposition testimony
which was attached to Roller’s amended response.  In it, O’Connor testified
that from the time O’Connor and her husband took possession of the property in
July 2001 until September 2002, O’Connor and her husband used the property on
weekends, holidays, and during vacation time.  Citing authority that weekend
use is inadequate to establish open, visible, and notorious possession, Roller
contends the O’Connors’ use during this time was not adequate to begin the
running of the limitations period.  

In the same deposition,
Donna O’Connor stated that she and her husband began living on the property
full-time in September 2002.  Roller relies on a 2002 property tax receipt to
controvert O’Connor’s testimony that she was living on the property full-time
as of September 2002.  The tax receipt lists the mailing address for the
O’Connors as an address in Santa Fe, Texas, where they lived prior to moving to
the property full-time.  O’Connor stated in her deposition that she and her
husband had trouble getting the tax office to change their address after they
moved to the property.  

The tax receipt does not
indicate where the O’Connors were actually living, only that the taxing
authority had the Santa Fe address in its records.  The tax receipt does not create
a fact issue as to whether the O’Connors were living on the property full-time
beginning in September 2002.  See In re Graham, 251 S.W.3d 844, 850-51
(Tex. App.—Austin 2008, orig. proceeding) (use of Tom Green County mailing
address not evidence to support finding that party was domiciled in Tom Green
County where other evidence showed party actually lived in Travis County).

Consequently, Roller does
not present evidence that raises a fact issue as to whether the O’Connors were
living on the property full-time beginning in September 2002.  Roller does not
argue that living on the property full-time is not sufficient to begin the
limitations period.  The O’Connors brought the trespass to try title suit in
January 2008; Roller has never brought suit to recover the property. 
Therefore, even if the adverse possession did not begin until September 2002,
the uncontroverted evidence shows the O’Connors lived on the property for five years
before they brought suit in January 2008.[3]


In a sub-issue, Roller
argues the actions of Guaranty Title Company prevented her from learning of her
interest in her inheritance and tolled the time requirement for adverse
possession.  Guaranty Title Company issued a title commitment in 2001 stating
that record title of the property appeared to be vested in Margaret May prior
to May conveying the property to the O’Connors.  In general, “[a] record
titleholder’s ignorance of what it owns does not affect the running of
limitations.”  Pool, 124 S.W.3d at 198 (stating it has never been the
law in Texas that limitations is suspended whenever heirs did not realize they
had inherited an interest).  Roller argues, though, that the title company’s
statement regarding title is tantamount to fraudulent concealment.  Fraudulent
concealment is an equitable defense to limitations that estops the concealer
from relying on the statute of limitations.  Borderlon v. Peck, 661
S.W.2d 907, 908 (Tex. 1983); Glover, 187 S.W.3d at 217 (discussing
fraudulent concealment in the adverse-possession context).  Roller, however,
presented no evidence that the O’Connors concealed any information from her,
and Guaranty Title Company was not a party to the lawsuit.  Therefore, Roller’s
argument is without merit.[4]

            We
overrule Roller’s first issue.  Because we have determined that the
O’Connors’ motion for summary judgment was, in substance, a traditional motion
for summary judgment, we need not address Roller’s second issue.  See
Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.,
300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied) (court should
determine standard of proof on summary judgment motion after considering substance
of motion).

For the reasons set
forth, we affirm the trial court’s judgment.            

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Frost, Boyce, and Sullivan.

 









[1] The O’Connors’ motion for summary judgment states that
it is a traditional and no-evidence motion for summary judgment.  See Tex. R. Civ. P. 166a(c), (i).  In her amended response to the motion, Roller objected to
the O’Connors’ motion on the grounds that a party cannot file a no-evidence
motion for summary judgment when the moving party has the burden of proof. 
Roller makes this argument in her second issue on appeal as well.  In
substance, however, the O’Connors’ motion sets out the standard for obtaining a
traditional summary judgment and does not raise no-evidence grounds. 
Therefore, we will review the motion under the standards that apply to a traditional
motion for summary judgment.  





[2] On July 29, 2010, we
abated this case because it appeared from the record that the judgment was not
final.  The trial court signed an amended final judgment on October 6, 2010.  See
Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) (per curiam)
(appellate timetable ran from signing of judgment disposing of unadjudicated
claim after party filed supplemental petition abandoning claim).





[3]
In a sub-issue, Roller contends that the
O’Connors did not satisfy the statutory time requirement for adverse possession
of the mineral estate because the O’Connors executed a mineral lease with Land
Access, Inc. in August 2004, three years after Margaret May conveyed the
property to the O’Connors.  This argument is without merit.  A severance of the
mineral estate by a party in adverse possession, who has not yet matured title,
does not abandon, limit, or qualify possession for the purpose of ripening a
title against the true owner.  Clements v. Texas Co., 273 S.W. 993, 1005
(Tex. Civ. App.—Galveston 1925, writ ref’d). 

 





[4] Roller relies upon Gibson v. Burkhart, 650
S.W.2d 185, 188-89 (Tex. App.—Corpus Christi 1983, writ ref’d n.r.e.) in
support of her position.  That case involved parties fraudulently representing
that they had an interest in property to the exclusion of other relatives.  The
court held the fraud and concealment tolled the running of the statute of
limitations.  Id. at 189.  Here, as noted above, Roller has not presented
any evidence of fraud or concealment on the part of the O’Connors and Guaranty
Title Company was not a party to the lawsuit.